Jan'y Term,        Sisk vs. Hurst.        1865.

# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

WILLIAM SISK, BY &c., *vs.* SHADRACK HURST.

January Term, 1865.

1. It is sufficient answer to an action for malicious prosecution, that the defendant had *probable* or *reasonable* cause to infer that the plaintiff had committed the offense for which he was arrested.

2. Where a party applies to a justice for a warrant for the arrest of another, and details to the justice the whole of the information he has derived from other persons as to the commission of an offense by the party whom he seeks to arrest, and the justice in the discharge of his duty, advises the issuing of the warrant against him, it is such matter for defense to an action for malicious prosecution as will prevent the recovery of damages by the party arrested.

3. Nor is the party liable for damages when he has information which leads him, as a prudent man, to suspect or believe that the person alleged to have committed an offense, was engaged with others in committing the same, or was in company with those who did actually commit an offense.

This was an action of trespass on the case, brought by *William Sisk* an infant who sued by *George W. Sisk* his next friend, in the county of *Harrison.* The suit was commenced in October, 1863, and was finally heard in the circuit court at the June term, 1864. The plaintiff in his declaration averred that the defendant, *Shadrack Hurst*, had on the 29th day of September, 1863, gone before a justice of the county and falsely and maliciously charged, without probable or reasonable cause therefor, that the plaintiff together with one *John Mills* and others had assaulted and beaten the defendant with axe-helves, stones and other dangerous weapons, and had thereby procured without probable or reasonable cause, a warrant for the arrest of the plaintiff: and that upon a hearing for the supposed offense upon the warrant, the plaintiff was discharged from custody; whereby the plaintiff alleged that he had sustained great damages.

On the trial of the cause the plaintiff gave evidence tending to prove his acquittal before the justice, that he had no active connection with the assault on the defendant although he was in the crowd at *Wilsonsburgh* when it took place, that he was waiting at a blacksmith shop for work sent there by his father, and that there was not probable cause to charge him with the commission of the assault charged in the warrant.

The defendant introduced the justice to prove that he issued the warrant on his application, and that he stated at the time of his making the application that he did not know of his own knowledge that the plaintiff was connected with the other parties in the commission of the offense, but that he had been told that he had been, and that he did not know whether under such circumstances the plaintiff ought to be embraced in the warrant, and that the justice replied that he saw no impropriety in embracing the plaintiff in the warrant; whereupon he was so embraced and the defendant made oath that the warrant was true; but the justice did not in terms advise that the plaintiff should be included therein. He also introduced one *John G. Pultz* who testified that *John Mills* had told the witness that the plaintiff had thrown a certain brickbat during the affray, that had been found the next day about fifty yards at a drain in the road, when the defendant passed from the place where the plaintiff was standing when the affray occurred, which fact the witness had communicated to the defendant before he had applied for the warrant.

*Pultz* further testified that in his opinion, the plaintiff could not have thrown the brickbat from the place where it was stated he stood to the place where it was seen by him the next morning, but he did not state that he had communicated this latter fact to the defendant. He also proved by the said *John Mills* that the plaintiff was at the store when the assault was committed on the defendant but that the plaintiff had nothing to do with it.

To the introduction of so much of the testimony of the justice as related to the conversation between himself and

the defendant prior to the issuing of the warrant, and the testimony of *Pultz* concerning the statement made to him by *John Mills* and by *Pultz* repeated to the defendant, the plaintiff objected; but the court overruled the objections and permitted it to go to the jury.

The defendant moved the court to instruct the jury as follows:

1st. That the jury in considering the question of malice, as well as probable cause, should consider the information given on oath by the defendant to the justice, who issued the warrant, at the time of issuing the said warrant for the plaintiff's arrest, derived by the defendant from others; that if the jury are satisfied the defendant believed such information as he received from another person to be true, that there was probable cause for said defendant causing such warrant to issue.

2nd. That if the jury believe from the evidence in this cause that the said defendant, under oath, detailed to the justice the whole of the information he had derived from another person as to the guilt of the plaintiff, *Wm. Sisk*, of the charge mentioned in said warrant, and that the defendant believed such information to be true, and such justice, as a conservator of the peace, in his opinion and in discharge of his duty as such justice, advised the issuing of the said warrant, the defendant is not liable in this action.

3rd. That if the jury believe from the evidence, the defendant *Hurst* had information which, as a prudent man, would lead him to suspect or believe that *Wm. Sisk* was engaged, with others, in the assault charged in the said warrant, and that said *Sisk* was in company with the other parties, who in fact did make the assault charged in the said warrant, given in evidence in this cause, that these facts and circumstances constitute probable cause for the issuing the said warrant, although it should afterwards appear that the said *Wm. Sisk* in fact used no violence against *Hurst* at that time, and the plaintiff in this suit cannot recover.

The plaintiff excepted to the instructions.

On application to this court for a supersedeas the plaintiff

by his attorney assigned for error the matter set forth in the bills of exceptions, and also the fact that judgment had been rendered against the plaintiff personally, alleging that it should have been against his *prochein ami.*

*B. Wilson* for the plaintiff in error.

BERKSHIRE, President.

The errors assigned and complained of by the plaintiff in error, are that the court below improperly admitted the evidence of the witnesses, *Shuttlesworth* and *Pultz*, introduced by the defendant in error, mentioned in the two bills of exception taken by the plaintiff in error, and likewise in giving the instructions asked for by the defendant in error mentioned in the 2nd of said bills of exception.

We are of opinion, that it was competent for the defendant to introduce this testimony for the purpose of repelling the charge of *malice* on his part, in suing out the warrant referred to in the declaration and proceedings against the plaintiff in error; and that the circuit court committed no error in allowing the same to go to the jury, and consequently did not err in giving the instructions asked by the defendant in error.

The judgment therefore must be affirmed.

JUDGMENT AFFIRMED.