## No. 6834.

### JOHN A. GODFREY VS. THEODORE AND LUCIEN SONIAT.

A juror cannot be heard disclosing his own improper conduct and impeaching his own verdict.

The mere fact that the accused, under a criminal prosecution, has been acquitted, does not entitle him to damages against the prosecutor; and he should recover none, when the evidence shows that there was a probable cause for the prosecution, and no malice on the part of the prosecutor.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee, J.*

*E. K. Washington* for Plaintiff and Appellant:

First—The proof of malice need not be direct; it may be inferred. 15 An. 605.

Second—Where, in legal intendment a prosecutor acted maliciously, there is a right to the action for damages. 15 An. 337.

Third—In an action for damages for a malicious prosecution, it is shown the defendant acted from motives of private interest, and his prosecution of the plaintiff was dismissed, the advice of counsel will not exempt him from liability. 15 An. 672.

Fourth—Where a party was arrested and on examination discharged, malice will be presumed and damages may be recovered for a malicious prosecution. 20 An. 336.

Fifth—The use of such phrases as " Godfrey, the thief and trespasser." " This case must be pushed." "I have sent my son down to put him through;" followed by an arrest by the son, which on examination was found without cause, are evidence of malice conceived by the one and carried out by the other, Record, page 51. A charge of theft tending to injure plaintiff renders defendant liable. 6 An. 779.

Sixth—Where there is a total overthrow of a prosperous business, in consequence of an arrest of its principal, and as the direct and immediate result of the arrest, reparation should be in proportion to the damage sustained.

Seventh—The verdict of a jury should contain some sense, and that in this case "verdict of, for defendants," contains no sense whatever.

Eighth—Defendant, if he wish a special finding on his reconventional demand must ask for it before the verdict is recorded. 4th La. 40; 17 La. 92; 6 An. 222.

Godfrey vs. Soniat.

Ninth—Where all the facts are not submitted to counsel, legal advice is no protection. Greenleaf, 2d vol., 459.

Tenth—Exact proof of actual pecuniary damage can rarely be given in actions for a malicious arrest, and gross carelessness and indifference to the legal rights of others are constituent ingredients of malice.

### J. J. Roman and Chs. F. Claiborne for Defendants and Appellees:

First—On the trial of a rule for a new trial on the ground of new evidence, or misconduct of the jury, the plaintiff in rule is confined to his own affidavits. C. P. 561; 7 L. 84; 2 An. 796, 1021; 16 L. 80.

Second—Ex parte affidavits cannot be offered in evidence. Greenl. Ev., Sec. 124, 125; 9 R. 387.

Third—A juror cannot be heard to explain, alter or impeach his verdict. 1 N. S. 514; 2 L. 216; 11 L. 141; 14 L. 66; 8 L. 433; 9 R. 387; 3 An. 435; 6 An. 657; 12 An. 3; 15 An. 558; 28 An. 360, 658; 30 An. 1266; 32 An. 847, § 3; 1 Greenl. Ev. § 252, A.; Sharswood Starkie Ev. § 805; Graham, New Trials, p. 61; Hilliard, New Trials, p. 196.

Fourth—Even if the jurors behaved improperly, a new trial will not be granted, unless it is shown clearly that impartial justice has not been done. C. P. 560, § 3; 20 An. 658; Townsend Slander, § 295; 14 L. 66; 7 N. S. 149.

Fifth—In order to succeed in an action for malicious prosecution the plaintiff must prove:

(a) The prosecution and its termination in his favor; (b) That defendant was the prosecutor or the cause of the prosecution; (c) That there was no probable cause for the prosecution; (d) That it was actuated by malice; and (e) That he has sustained damage thereby.

All these elements must exist, and the burden of proof is upon the plaintiff. 3 R. 17; 12 An. 333; 15 An. 422; 16 An. 3; Townsend Slander and Libel, § 421; Folkard's Starkie Slander and Libel; Marg. p. 365, Sec. 460; Marg. p. 466, Sec. 598; 2 Greenl. Ev. § 449.

(b) Townsend, § 432; Starkie Marg. p. 467, Sec. 600; 27 An. 339; 8 R. 150.

(c) Townsend, Sec. 426; Starkie Marg. p. 471, Sec. 605; Marg. p. 473, Sec. 609; 2 Greenl. Ev. § 454; 2 Starkie Ev. Marg. p. 913; 15 L. 278; 3 R. 17; 9 R. 389; 10 An. 537; 11 An. 289, 419; 12 An. 53; 13 An. 214; 15 An. 605; 16 An. 3; 28 An. 687.

(d) 5 L. 319; 13 L. 90; 15 L. 278; 9 R. 387; 11 An. 289, 419; 12 An. 333; 13 An. 214; 15 An. 422, 605; 16 An. 3; 27 An. 340; 8 Otto, 187; Townsend § 431; Starkie Marg. p. 368, Sec. 462; Marg. p. 466, Sec. 598.

(e) C. C. 1934, § 1, 2, 3; 4 An. 80; 11 An. 300; 13 An. 564; 17 An. 239; 25 An. 420; 29 An. 287; 2 Greenl. Ev. § 256; Sedgwick Meas. Dam. Ch. 3, pp. 63, 111, 112.

Sixth—Probable cause is such a state of facts or circumstances as would create in the mind of a man of ordinary caution and prudence, an honest and reasonable belief of the guilt of the party charged. Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the prosecutor. However innocent the plaintiff may have been of the crime charged, it is enough for this defendant to show that he had reasonable grounds of believing him guilty at the time the charge was made. 8 An. 12; 10 An. 537; 12 An. 333; 16 An. 3; 18 An. 274; 2 Greenl. Ev. § 454 and notes; Townsend, § 425; Starkie, Marg. p. 303, Sec. 357.

Seventh—A judgment of acquittal is not proof of want of probable cause. Reason of the rule. 3 R. 17; 5 R. 150; 8 R. 150; 10 An. 538; 8 Otto, 187; Greenl. Ev. § 455; Townsend, § 426, 431; Starkie Marg. p. 473, Sec. 609.

Eighth—Advice of counsel sought and followed in good faith is proof of probable cause. 9 R. 421; 8 An. 12; 11 An. 290; 15 An. 422; 8 Otto, 187; 2 Greenl. Ev. § 459; 2 Starkie Ev. Marg. p. 922; Starkie Slander, pp. 632, 637; Townsend, § 427.

Ninth—If defendant shows probable cause, there must be judgment in his favor. 5 R. 151; 8 An. 12; 12 An. 714; 11 An. 418; 13 An. 274; 15 An. 605; 16 An. 3, 252; 28 An. 325; 29 An. 68; Starkie Slander, Marg. p. 480, Sec. 619.

Tenth—Total want of probable cause is only a presumption of malice which may be rebutted. 5 L. 319; 9 R. 387; 8 An. 12; 12 An. 333; 15 An. 422; 2 Greenl. Ev., § 454; Townsend, § 88, 431; Starkie Marg. p. 299, Sec. 350; Marg. p. 451, Sec. 574.

Eleventh—This presumption may be rebutted by evidence of good faith or of probable cause; for, no amount of malice will render defendant liable if he had probable cause. Want of probable cause and malice must essentially concur. 3 R. 17; 9 R. 421; 8 An. 12; 8 Otto, 187; 2 Greenl. Ev. § 453; Townsend, § § 418, 426, 431; Starkie Marg. p. 301, Sec. 352; Marg. p. 469, Sec. 602; Marg. p. 34.

Twelfth—Actions in damages for malicious prosecution are not favored by the law, and must be cautiously entertained. From motives of public policy, the prosecutor must be protected. Reason of the rule. 3 R. 20; 6 An. 375; 15 An. 605; 5 L. 319; 6 L. 271; 15 L. 278; Townsend, § 418; Folkard's Starkie on Slander, Marg. p. 469, Sec. 602.

The opinion of the Court was delivered by

Poché, J.    Plaintiff brings this suit for damages in the sum of $18,500, alleged to have been caused him by a malicious criminal prosecution brought against him by defendants; and he has appealed from an adverse verdict and judgment.

Our attention is called to the refusal of a new trial by the district judge as prayed for, on the following alleged irregularities:

1st.    That the verdict was contrary to the law and the evidence.

2d.    Alleged improper conduct of the jury.

First—As to the first ground, we think that the judge in the exercise of his sound discretion, properly overruled it.

Second—The second ground contains two separate charges; first, that one of defendant's attorneys, Mr. Claiborne, improperly communicated with one of the jurors, during the trial, by handing him a slip of paper.

The district judge, after hearing the testimony of the isolated witness who made the charge, and the denial of the same by several other witnesses, refused to believe the slander, and we are happy to note that in his oral argument before this Court, counsel for plaintiff disclaimed any belief in the truth of this malicious and silly charge against an honorable and honored member of this Bar; second, it is next urged that, after the submission of the case to the jury, several members of that body were tampered with, and held conversation with an outside party.    The district judge properly rejected the affidavit of one of the jurors in support of this charge, and correctly held that a juror cannot be heard as a witness of his own alleged turpitude.    State vs. Beatty, 30 An. 1266; State vs. Nelson, 32 An. 847.

The testimony on this point showed that, with the permission of the presiding judge, the jury, in its deliberation, occupied the court room, to which the recorder of the parish had access by means of a key of his, which unlocked the entrance door of the room occupied by the jury; that, in search of some of his books, which he had left in the court room, that officer, in ignorance of the presence therein of the jury, had opened the door, which he immediately closed, on discovering the presence

of the jury, and that he had spoken to, or communicated with, none of the jurors.

We fully concur with the judge *a quo* in refusing a new trial on such flimsy grounds.

## ON THE MERITS.

Plaintiff charges that he has suffered the damages which he claims, in consequence of a malicious affidavit, made against him by Lucien Soniat, at the instigation of his father, Theodore Soniat, charging him with trespass on the latter's lands, by cutting down or causing to be cut down, and taking away several trees on the lands of said T. Soniat, without his consent or permission, under which charge he was arrested, put under bond, tried and acquitted.

The defendants filed separate answers. Lucien Soniat admitted to have made the affidavit, while Theodore Soniat denied any participation therein, and claimed in reconvention fifteen hundred dollars as value of the trees illegally cut down on his land, and appropriated to his use, by plaintiff.

Both defendants denied that the affidavit had been made with malice or without probable cause, and both alleged grounds to justify the charge made in the protection of private property.

Counsel of both parties are in perfect accord as to the law governing the case, and both agree that the right of plaintiff's recovery depends upon the concurrence of the following elements of proof:

1st. The prosecution and its termination in favor of plaintiff.

2d. That the defendants were the prosecutors, directly or by authorizing the same.

3d. That there was no probable cause for the prosecution.

4th. That it was actuated by malice.

5th. That plaintiff has suffered damage in consequence of the malicious and unfounded prosecution.

A careful examination of the testimony has disclosed to our minds the following as the salient facts in the case:

In June, 1877, Lucien Soniat, the manager of his father, Theodore Soniat's plantation, was informed by several persons that plaintiff, the lessee of the "Trudeau place," an adjoining plantation, and on which he was engaged in cutting timber, to be converted into fuel and into railroad cross-ties, was cutting down and using trees on the Soniat lands. Accompanied by two of his informants, who had themselves, as employees of plaintiff, cut down trees on the Soniat lands, Lucien Soniat, who was familiar with the location and with the boundary lines between the two plantations, proceeded to investigate the matter. Having ascertained, by following the lines from the front to the rear or swamp,

that the information was correct, he then called on plaintiff, in an amicable manner, in company with a neighbor, notified him of the fact, and requested him to desist from further trespassing on his father's lands, concluding by demanding compensation for the timber which had been cut down and used by Godfrey.

At his request, an investigation was subsequently made by him and Godfrey, accompanied by several laborers and two of their neighbors. This investigation having resulted, in Soniat's opinion, in fully proving that plaintiff had cut and used a great many trees on his father's lands, he reiterated his previous request for a cessation of the trespass and for compensation for the timber taken from his father. After mutually considering several propositions and counter-propositions for a settlement of the difficulty, and all plans to that end having failed, and Lucien Soniat seeing that plaintiff, heedless of his amicable request, was persisting in chopping on his father's swamps, then sought legal advice from two respectable counsel, to whom he made a faithful and correct statement of the facts above recited. Following their advice and that of the parish judge, himself an attorney of vast experience, Soniat then made the affidavit which gave rise to this litigation. The trial resulted in the acquittal of the accused. The mere statement of the foregoing facts is in our opinion a solution of the case in favor of defendants, and shows that, far from being actuated by malice or ill-feeling towards the plaintiff, they acted throughout with a spirit of high-minded fairness and with marked moderation, seldom met in persons whose property is being devastated.

The acquittal of the accused, whose conviction must rest upon evidence proving his guilt beyond a reasonable doubt, does not prove malice or want of probable cause in the prosecutor. If the acquittal of all persons accused of crimes or misdemeanors, should subject the complainants to actions in damages for malicious prosecution, it is easy to perceive that litigation of that character would absorb and monopolize the attention of courts of justice to the exclusion of all other business.

We are more than satisfied from the evidence, that defendants had ample probable cause for the resort to the criminal prosecution which they instituted against plaintiff; and courts will not mulct them in damages for pursuing such a course.

On the plea in reconvention, which was not directly passed upon by the jury, we find that the evidence is not sufficiently clear in details as to the number and value of defendant's trees, which were actually cut down and used by plaintiff, to enable us to give judgment in a definite amount in favor of plaintiff in reconvention.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment appealed from be affirmed at appellant's costs.