## No. 12,592.

MARION B. MONROE VS. H. WESTON LUMBER COMPANY ET ALS.

As Relates to the Utterances of the Attorney During the Trial, One of Plaintiff's Grounds.

The attorney, not his client, is responsible for (alleged) defamatory utterances of the former in the course of the trial of the latter's cause. R. S. 123.

As Relates to Proceedings Complained of.

The burden of proof to show a want of probable cause was upon the plaintiffs. In other words, the want of probable cause will not be inferred from the mere fact of the prosecution.

The evidence for plaintiff did not prove that defendants instituted suit against him, and made the damaging allegations complained of, without cause for such action.

Verdict of jury, and judgment of court affirmed.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

---

*A. B. Philips* and *Albert Voorhies* for Plaintiff, Appellant.

---

*Merrick & Merrick* and *George C. Walsh* and *James J. McLoughlin* for Defendants, Appellees.

Argued and submitted December 1, 1897.
Opinion handed down January 10, 1898.
Rehearing refused February 21, 1898.

The opinion of the court was delivered by

BREAUX, J. In this case the plaintiff averred that the defendants are indebted to him *in solido* in the sum of ten thousand ($10,000) dollars, because in the matter of Marion B. Monroe vs. His Creditors they combined and confederated to prosecute him for fraud in order to defeat his discharge; that they falsely charged him with fraud in concealing his commercial books and in knowingly omitting property from his schedule of assets and in other respects; that said proceedings were malicious and without probable cause, and were maliciously prosecuted from the date of their filing up to the final decision of the Supreme Court in his favor.

That in the course of the proceedings they maliciously slandered and libeled him by verbal and written accusations of fraud before the lower court, and more especially in the Supreme Court, in their briefs and in oral argument of their counsel.

That these charges and accusations were false and published by defendant maliciously; they well knowing at the time there was no truth in them.

That the petitioner has been injured in consequence thereof, in his feelings, good name and business, in the full sum of ten thousand ($10,000) dollars. He admitted that he had been vindicated by the judgment of the Civil District Court and Supreme Court, rendered in his favor.

To this petition Horace U. Beach, one of the defendants, excepted on the ground that the petition was too vague and indefinite for him to safely answer, for the reason that the petition did not disclose time, place and circumstance.

That the dates were not set out, and that the petition did not show whether the plaintiff was suing the defendant individually, or as agent of the lumber company, or whether the plaintiff was suing to obtain judgment against the defendant, or the lumber company.

He therefore prayed that his exception be sustained and plaintiff's petition be dismissed.

J. J. Clarke, another defendant, excepted to the petition on the

ground that the petition was too vague and indefinite for defendants to safely answer the same, and that he did not state the time, place or circumstances, and that the date of the alleged acts of the defendants were not set out. He therefore prayed that the plaintiff's petition be dismissed.

J. A. Blaffer also excepted substantially on the same ground.

Hinderer, another defendant, excepted on the ground that if he was intended he had been improperly cited, and improperly described in the petition, as his name was Frederick Hinderer, and that he did not know any one by the name of Ferdinand Hinderer.

The plaintiff thereupon, with leave of the court, filed a supplemental petition, averring that the commercial firm of Blaffer & Sons was composed of J. A. Blaffer and his son, A. S. Blaffer, deceased; that the latter was unmarried, and left his father and mother, his forced and only heirs.

Reiterating the allegation of the original petition, the plaintiff gave the following dates and places for the purpose of making his charges of libel, slander, and malicious prosecution more specific:

In the Civil District Court, April 19, 1894, defendants filed opposition to plaintiff's discharge in surrender proceedings, and there was a trial before jury on the 13th and 14th of June. Date of filing transcript of appeal, November 5, 1895. Date of filing brief, February 11, 1895; and March 16 and April 6 of the same year.

He averred, in addition, that the defendants had authorized their counsel to make charges against him (the plaintiff), and that they were present during the said proceedings in the court.

The defendants thereupon filed exception to the supplemental and amended petition, to the following effect:

That the proper parties had not been made by the plaintiff, and in the event of this exception being overruled, further excepted, that the supplemental and amended petition attempted to change the issue between plaintiff and the defendants, and that the petition should be dismissed for these reasons.

Further excepting the defendants averred, that the supplemental and amended petition, as well as the original petition, discloses no cause of action. The judgment of the lower court maintained the exception, and dismissed the suit of plaintiff.

Upon appeal to this court, the judgment of the lower court was reversed, the case was remanded, and ordered to be reinstated on

the docket (49 An., p. 594), the court holding that a petition which recites and avers, in certain proceedings, pleadings and printed briefs, in a certain suit, depending in a court of justice and which the parties thereto caused and directed their attorneys at law to prepare and file, are certain libelous and slanderous statements, discloses a cause of action.

Proceedings were renewed in the lower court. The defendants filed a plea of prescription of one year, and an exception of *res judicata,* which were by consent referred to the merits.

The defendants then filed their answer, a general denial, admitting, however, that on the eleventh day of April, 1894, in the case of Marion B. Monroe vs. His Creditors, an opposition was made and filed by their counsel, charging fraud against the said Marion B. Monroe, and they averred that said opposition was made and presented by their counsel in good faith, not maliciously, and with probable cause; further answering the defendants deny, that they instructed their counsel to make any charges against plaintiff in pleadings or argument that were not true, and averred that whatever was done by them, was done in good faith, without malice, and in pursuit of their legitimate rights.

They further averred that they and their attorney had reasonable grounds of suspicion in making the charges.

The case was heard before a jury, and upon their verdict in favor of defendant judgment was rendered by the lower court, rejecting the demand of the plaintiff, at his cost.

The plaintiff prosecuted the present appeal.

The case was remanded chiefly to enable the plaintiff to prove his allegations.

Before us, on the trial of the exception on the appeal which resulted in a decree remanding the case for trial on the merits, the truth of the allegations was not only disputed, but, in the nature of things, they were conceded as true. The rule is well known, proper on the trial of exceptions; all averments of the petition are taken as true.

The plaintiff had in his petition alleged that the defendant had maliciously defamed him by accusations of fraud in the course of judicial proceedings before the court, and by approving the alleged calumnious and abusive words of their attorney in the course of his

10

argument in the case No. 11,940, Monroe vs. His Creditors, 48 An. 801.

On the trial in the District Court, after the case now before us for our decision, the damage suit for asserted defamation, had been remanded, the evidence in the opinion of the jury did not sustain the averments of plaintiff.

We have carefully examined the testimony upon which the jury based their verdict, and we have not arrived at the conclusion that the verdict was erroneous. Two, the most pertinent, questions for the jury were: whether the defendants were responsible for the words of the attorney; and in the second place whether the defendants had probable cause to believe the allegations made for the writs of attachment they sued out as creditors under the instructions of their attorney against the plaintiff, who was their debtor. The first question stated related particularly to the words of the brief of counsel for the creditors in the case cited *supra*, and the second question to the fraud charged upon which the proceedings were had against the plaintiff, an alleged insolvent debtor. In regard to the first question, first, that if the jury concluded, as we have every reason to assume they did, that fair and reasonable comment, however severe in terms at times, are justifiable by the facts of the case, and in the second place, if the attorney oversteps the proper limits and defames any one, the client is not responsible, they only gave effect to the statute which prescribes that a client shall not be held in damages for the slanderous or libelous words of his attorney. Rev. Statutes, Art. 123.

In support of plaintiff's position counsel urged that the authority of the attorney must be presumed, and that the silence of his client imports that he gave consent to the utterances made. We are constrained to hold a different view.

In our judgment the position is not tenable. When the words are defamatory, in our judgment, the language of the statute from which we have before quoted places the *onus* of proof of the consent and direction of the client upon the plaintiff claiming damages.

The attorney is responsible, we think, unless in some sort or method the client has made his defamatory words his own.

In the contemplation of the statute the attorney is answerable and not the client, even if he does not expressly, at the time, dis-

avow that he has given countenance to the utterances. While it is true the authority of the attorney, acting within the limits of his duty to his client, is presumed—in fact, it can not be disputed, it is no part of the attorney's duty to his client, if he defames any one in a manner not at all necessary to sustain the action. In other words, if the language used was necessary in argument, it was not slanderous or libelous. If it was not necessary, and was slanderous or libelous; the attorney was responsible.

The second question in the case, which must have been submitted to the jury and is covered by their verdict, grows out of the charge of fraud brought against the plaintiff, by the defendants in proceedings, which resulted in the acquittal of the plaintiff of fraud. Monroe vs. His Creditors, 48 An. 801.

Here the question is probable cause for defendants' action against plaintiff *vel non*. The question for the jury was whether the defendants had probable cause to believe allegations made in court and of record, under the advice of their attorney.

There was conflicting testimony of record as to whether defendants here were correctly informed in regard to the title of real estate involved.

The defendants alleged that they were circumvented and duped by the misstatements of the plaintiff.

Despite the earnest denial of the plaintiff, the jury arrived at the conclusion that the weight of the evidence upon this point was with the defendants. In reviewing the verdict and the judgment of the court *a qua* we have carefully considered the testimony of each witness, and have found no testimony which in our opinion would justify us in reversing the judgment and setting aside the verdict. We have not discovered any want of good faith on the part of the defendants, or that they were actuated by malice or desire of injuring the plaintiff.

This court has held that actions for damages of this sort are not favored by law. Laville vs. Biguenaud, 15 An. 605.

Unless it appears that there was malice and a want of probable cause shown, we think it is our duty to affirm the verdict.

It is therefore ordered and adjudged that the judgment of the District Court is affirmed.