# WHEELING

## CATZEN v. BELCHER.

Submitted January 28, 1908, Decided June 10, 1908.

1. **MALICIOUS PROSECUTION**—*Want of Probable Cause—Advice of Magistrate.*

   In an action of malicious prosecution the fact that the defendant at the time he applied to the justice for the warrant of arrest and made the complaint on oath, fully stated all the facts to the justice, who advised him that he had a reasonable and probable cause to prosecute, is not sufficient defense to the action. (p. 321.)

2. **SAME.**

   Point 2 of Syllabus in *Sisk v. Hurst*, 1 W. Va. 53, is overruled. (p. 320.)

3. **SAME**—*Advice of Counsel.*

   *Quaere.* In case a party lays all the facts of the case fairly before counsel of competency and integrity before beginning proceed-

ings, and acts *bona fide* upon the opinion given by that counsel, however erroneous that opinion may be, would the party thus becoming the prosecuting witness be liable in an action for malicious prosecution? (p. 320.)

4. SAME—*Evidence of Want of Probable Cause or Malice—Acquittal.*
　Where a justice has jurisdiction to try, with or without a jury, and to punish on conviction the accused for the offense charged, his judgment of acquittal in such case will not be taken as *prima facie* evidence of want of probable cause, or of malice. (p. 321.)

Error to Circuit Court, McDowell County.

Action by Aaron Catzen against Isaac Belcher. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded for a New Trial.*

RUCKER, ANDERSON, STROTHER & HUGHES, for plaintiff in error.

STROTHER, TAYLOR & FLANAGAN, for defendant in error.

McWHORTER, JUDGE:

This was an action of trespass on the case for malicious prosecution brought by Aaron Catzen against Isaac Belcher in the circuit court of McDowell county. Catzen was engaged in the mercantile business at North Fork in said county. On the 9th of January, 1906, Isaac Belcher together with John H. Jarvis went into the store of plaintiff and Belcher purchased among other things a fur for his wife for which he paid Catzen the sum of $3.98 in cash with the express understanding, as Belcher claims, and which is not denied by Catzen, that if it did not suit his wife he could return it and have his money refunded. Belcher took the fur home and showed it to his wife who was not satisfied with it and the next morning Belcher and said John H. Jarvis returned the fur to the store, Catzen not being in Belcher delivered it to the clerk and asked him to return to him the $3.98 which the clerk declined to do but at his request gave him a due bill signed with the name of Catzen for the amount. The clerk states that he did not examine the fur to know what condition it was in when returned. Belcher left the store and later on the same day returned and presented the due bill to Catzen

for payment who took the same but refused to pay the money, claiming that the fur was torn and showed him a fur which was torn and claimed that it was the one Bel-. cher had returned, and also refused to deliver to Belcher again the due bill. Belcher then went to the office of J. H. Belcher, a justice of the peace for North Fork district, and detailed to him the facts in relation to the matter and asked his advice, when the justice advised him to have a warrant issued for Catzen for petit larceny and acting upon such advice he made complaint in writing and had a warrant issued and caused the arrest of Catzen who was brought before Justice Belcher on the 10th of January, when at the instance of the defendant the case was continued until the 16th of January and the defendant released upon his own recognizance in the sum of $100. On the 16th of January, Catzen appeared in discharge of his recognizance and by his attorney objected to Justice Belcher trying the case on the grounds that the prosecuting witness, Isaac Belcher, was related to the justice and the cause was ordered to be heard before Justice J. R. Greenwalt on the 22nd of January, 1906, on which day the defendant Catzen appears in pursuance of his recognizance when the case was heard and the justice entered the following order: "trial was had and after hearing all of the evidence introduced by the prosecution in this case and the argument of counsel, I am of opinion that the charge in the warrant of arrest is not sustained and do dismiss the same and the prosecution at the costs of Isaac Belcher and the defendant is released from his recognizance herein and permitted to go without day."

At the February Rules, 1906, Aaron Catzen filed his declaration in the said circuit court against Isaac Belcher, who appeared and demurred to the declaration which was overruled by the court and the defendant Belcher entered his plea of not guilty upon which issue was joined. On the 6th of December, 1906, a jury was impanneled and returned a verdict for the defendant. The plaintiff moved the court to set aside the verdict and grant him a new trial for the reasons that the same was contrary to the law and the evidence and also moved in arrest of judgment, of which motions the court took time to consider and on the

28th of December, after hearing the arguments of counsel thereon, the court overruled the motions and entered judgment for the defendant. The plaintiff excepted to the rulings of the court, which exceptions are set out in a bill of exceptions setting forth all the evidence and the points of exceptions.

The first assignment of error is in the court's refusal to permit the duplicate warrant, served upon the defendant and delivered to him by the constable, to be given in evidence. But this is immaterial as the warrant itself was included in the record of the justice which was put in evidence.

The questions raised in the case are involved in the four instructions given by the court as asked for by the defendant. These instructions were as follows:

No. 1. "The court instructs the jury that in order to entitle the plaintiff to recover in this action, he must prove affirmatively to the satisfaction of the jury by a preponderance of evidence, the defendant sued out the warrant against the plaintiff without any reasonable or probable cause therefor, and also that in so doing, *they were* actuated by malice toward the plaintiff, and that unless the want of probable reasonable cause and malice concurred, at the time said warrant was issued, the Plaintiff cannot recover."

No. 2. "The Court further instructs the jury that on the question of probable cause the facts and circumstances, knowledge and information, must be reviewed from the standpoint of the defendant, and not that of the plaintiff, and if the said defendant in good faith entertained the reasonable belief that it was his duty to institute and maintain the proceeding complained of against said Katzen then he cannot be held liable therefor in an action on the case for malicious prosecution and the Jury should find him not guilty."

No. 3. "The Court instructs the Jury that if they believe from the evidence in this case that the defendant Isaac Belcher when he applied to J. H. Belcher, Justice of the Peace for a warrant for the arrest of the plaintiff Aaron Katzen, he detailed to the Justice the whole of the facts he knows as to the commission of the offense by the said

Aaron Catzen, and if they further believe that the said J.
H. Belcher, Justice as aforesaid, advised the issuing of the
warrant against the said Katzen, then the defendant is not
liable in this action, and the Jury should find him not
guilty."

No. 4. · "The Court instructs the Jury that in an action
for malicious prosecution the discharge by a Justice of the
plaintiff, who had been arrested for an offense of which the
Justice had original jurisdiction and could try and determine
the same, upon a warrant issued by any justice who has
jurisdiction thereof, and there was a trial for said
offense in which the defendant had the opportunity to
be heard, the acquittal of the said party by said Justice upon
said warrant is not *prima facie* evidence of the want of
probable cause, on the part of said party, and the Court
therefore instructs the jury further, that if they believe
from the evidence that although the plaintiff Katzen was ar-
rested upon a warrant procured by the defendant, Isaac
Belcher, which said warrant charged the said Katzen with
petit larceny, and that the said Katzen was brought before a
Justice, who had jurisdiction to try and determine the said
case by the infliction of punishment on said Katzen, and the
said Katzen was acquitted, this of itself is not *prima facie*
evidence of want of probable cause, or of malice, although
the said Katzen did not offer any evidence before said Jus-
tice, upon said trial."

The first instruction above copied is the same as that
passed upon as laying down the law correctly at page 62 in
*Vinal* v. *Core*, 18 W. Va. 1.

The second instruction is in substance taken from point 15
in the syllabus of *Porter* v. *Mack*, 50, W. Va. 581, and pro-
pounds the law as therein laid down.

The third instruction is based upon the case of *Sisk* v.
*Hurst*, 1 W. Va. 53, which fully supports the instruction.
The fact that the defendant detailed all the facts to the
justice, if done in good faith, was proper to go to the
jury as a circumstance tending to show the absence of
malice on the part of the defendant in suing out the war-
rant for plaintiff's arrest, for the question of malice is pe-
culiarly and solely for the jury.  In the *Sisk Case*, just
cited, the Court, in holding the fact that the defendant de-

tailed "to the justice the whole of the information he has
derived from other persons as to the commission of an
offense by the party whom he seeks to arrest, and the jus-
tice in the discharge of his duty, advises the issuing of
the warrant against him, it is such matter for defense to
an action for malicious prosecution as will prevent the re-
covery of damages by the party arrested," went against all
precedents so far as we have been able to discover up to
the time of rendering the decision and it does not appear
that any authorities were consulted in the case.    The doc-
trine is supported by the supreme court of California in
1892 in *Ball* v. *Rawles*, 28 Pac. 937, where it is held: "If
defendant, before instituting the prosecution, fully stated
the facts to a justice of the peace, who advised him that
he had a reasonable cause to prosecute, and he acted on
such advice in good faith, he is not liable." But the au-
thorities from the other states seem to be uniformly to the
contrary.    *Dolbe* v. *Norton*, 22 Kan. 101, where the pros-
ecutor set up as a defense to the action, "that at the time
that said affidavit was made and warrant issued, the Jus-
tice of the peace, upon the facts, decided that said defendant
had committed the crime of larceny, and advised that he
be prosecuted therefor, *held*, that said decison and advice
of the justice are not sufficient defense to the action."
Citing *Straus* v. *Young*, 36 Md. 247, 256; *Olmstead* v. *Par-
tridge*, 16 Gray (Mass.) 381-2; *Murphy* v. *Larson*, 77 Ill.
172; *Beal* v. *Robeson*, 8 Ired. (N. C.) 276; *Stanton* v. *Hart*,
27 Mich. 539; *Burgett* v. *Burgett*, 43 Ind. 78; *Wilkenson* v.
*Arnold*, 11 Ind. 45; *White* v. *Tucker*, 16 Ohio St. 468.    We
also find it so held in *Lueck* v. *Heisler*, 87 Wis. 644; *Potter*
v. *Casterline*, 41 N. J. L. 22; *Finn* v. *Frink*, 84 Me. 261,
24 Atl. 851, 30, Am. St. 348; *Gee* v. *Culver*, 12 Or. 228,
6 Pac. 775; *Sutton* v. *McConnell*, 46 Wis. 269, 50 N. W.
414; *Coleman* v. *Henrich*, 2 Mackey 189; *Cooney* v. *Chase*.
81 Mich. 203, 45 N. W. 833; *Williams* v. *Vanmeter*, 8
Mo. 339, 41 Am. Dec. 644; *Brobst* v. *Ruff*, 100 Pa. 91, 45
Am. Rep. 358; *Beihofer* v. *Loeffert*, 159 Pa. 365, 28 Atl.
217; *Marks* v. *Hastings*, 101 Ala. 165, 13 Sou. 297; *Cook*
v. *Proskey*, 138 Fed. Rep. 273; 19 A. & E. E. L. 690; 26
Cyc. 33, and authorities cited. While the authorities
seem to be uniform, with the exception of the case of

*Sisk* v. *Hurst* and the California case, both cited, that in an action for malicious prosecution the defendant cannot justify his action in the prosecution upon having relied in good faith upon the advice of a justice of the peace, yet, they seem to be entirely uniform in holding that when the defendant first seeks competent legal counsel to direct him in the matter and lays the whole of the facts before such counsel as he has information thereof, it is sufficient defense to defeat an action against him for the proceeding. The rule as laid down in 1 Am. Lead. Cas. 267 (x215) cited in *Potter* v. *Casterline, supra,* on this point is thus stated: "If a party lays all the facts of the case fairly before counsel of competency and integrity, before beginning proceedings, and acts *bona fide* upon the opinion given by that counsel, however erroneous that opinion may be, he is not liable to this action. * * * * * * A defendant cannot excuse himself by showing that he consulted with an unprofessional person, and followed his advice."

We conclude that instruction No. 3, given for defendant, does not correctly propound the law and should not have been given, and Point 2 of Syllabus, *Sisk* v. *Hurst,* 1 W. Va. 53, is accordingly overruled.

It is insisted by counsel for plaintiff in error that instruction No. 4 is erroneous and cite several authorities in support of their contention that the discharge of Catzen by the justice was *prima facie* evidence of want of probable cause. This may be so where the justice is sitting as an examining court merely to ascertain whether there is probable cause, and is without jurisdiction to finally hear and determine the guilt or innocence of the accused. Under clause 5, section 2170, Code 1906, a justice is given jurisdiction, "In cases of petit larceny, and if the defendant be convicted of such offense, either upon his own confession, or upon the trial by the justice, with or without a jury, he shall be fined not less than ten dollars nor more than thirty dollars, and may, at the discretion of the justice or jury trying the case, be imprisoned in the county jail not exceeding thirty days."

The cases cited by counsel for plaintiff are where the justice was acting as an examining court to determine

whether the parties accused should be held to answer. In case at bar the case was tried by the justice and the accused acquitted. The record of acquittal could only be introduced for the purpose of proving that the prosecution was ended, and not for the purpose of showing want of probable cause. *Comisky* v. *Breen*, 7 Ill. App. 369; *Winn* v. *Peckam*, 42 Wis. 493; *Britton* v. *Granger*, 13 Ohio C. C. 281. In *Godfrey* v. *Soniat*, 33 La. Ann. 915, the court said: "If the acquittal of all persons accused of crimes or misdemeanors should subject the complainants to actions in damages for malicious prosecutions, it is easy to perceive that litigation of that character would absorb and monopolize the attention of courts of justice to the exclusion of all other business."

In the case last cited, the accused had been tried on a charge of trespass in cutting down trees and had been acquitted. It was held that there was ample probable cause for the prosecution. In *Bekkeland* v. *Lyons*, 96 Tex. 255, 64 L. R. A. 474, it is held: "Acquittal of a criminal charge is not evidence of want of probable cause, in an action by accused against the prosecuting witness to recover damages for malicious prosecution." *Adams* v. *Lisher*, 3 Blackf. 445; *Bitting* v. *Ten Eyck*, 82 Ind. 421, 42 Am. Rep. 505; *Scott* v. *Simpson*, 1 Sandf. 601; *McBean* v. *Ritchie*, 18 Ill. 114; *Eastman* v. *Monastes*, 32 Or. 291, 67 Am. St. 531, 51 Pac. 1095. The question is fully discussed in note to *Bekkeland* v. *Lyons*, 64 L. R. A. 474, and many authorities there cited. In *Vinal* v. *Core*, 18 W. Va. 1, relied on by counsel for plaintiff in error, it is held, (Syl. Pt. 16): "The discharge by a justice of the plaintiff, who has been arrested and brought before him for examination, or the refusal of the grand jury to indict him, is *prima facie* evidence of a want of probable cause, but it is liable to be rebutted by proof."

This holding has since been qualified by the case of *Harper* v. *Harper*, 49 W. Va. 661, (Syllabus Pt. 2), which reads as follows: "In an action for malicious prosecution, the discharge by a justice of the plaintiff, who has been arrested and brought before him for examination, or the refusal of the grand jury to indict him, is *prima facie* evidence of a want of probable cause, except in a

case where it shall appear that such discharge, or refusal to indict, was after the hearing by the justice or the grand jury of the witnesses *for* the accused as well as for the prosecution, and *such prima, face evidence* is liable to be rebutted by proof, and syl. 16, *Vinal* v. *Core and Compton*, 18 W. Va. 1, is modified accordingly."

The prosecution complained of in the case at bar was a trial or hearing of the case on its merits, the justice having complete and full jurisdiction to try, determine and punish upon conviction.

Plaintiff in error insists that instruction No. 4 being erroneous, it is not cured by the correct instruction No. 1 given for the plaintiff. We have seen that instruction No. 4 correctly propounds the law and, so far as instruction No. 1, given for plaintiff, conflicts with No. 4, No. 1 is erroneous and should not have been given. But it seems that the giving of instruction No. 1, for plaintiff, did not mislead the jury as they found in accordance with the correct instruction given on behalf of defendant, so that the doctrine here contended for, that the giving of a good instruction will not cure a bad instruction given, does not apply. If, on the other hand, the jury had found for the plaintiff, the defendant could have asked for the application of this doctrine.

The defendant's instruction No. 3, not propounding the law correctly, the verdict should have been set aside and a new trial granted; and this Court proceeding to render such judgment as the circuit court should have rendered the judgment is reversed, the verdict of the jury set aside and a new trial awarded, and the cause is remanded to the circuit court for a new trial to be had herein.

*Reversed and Remanded for a New Trial.*