BRUNOT, Justice.
 

 This is a suit for damages for an alleged malicious prosecution, and the plaintiff has appealed from a judgment rejecting his demands and dismissing the suit at his cost.
 

 The plaintiff owns and is in possession of the following described property:
 

 “A certain tract of land situated in the Parish of Terrebonne, Louisiana, at about 20 miles below the City of Houma, measuring four and three-quarters (4%) arpents front on the left descending bank of Bayou • Du-Large by tile depth of the survey; bounded above by lands of Clovis Naquin and below by land formerly belonging to vendor herein, now James Lisette; together with the buildings and improvements thereon.”
 

 It will be noted that neither the depth nor the rear boundary of the land conveyed to the plaintiff is given in the deed under which he claims. Charles W. Buckley owns the land to the rear of and contiguous to the land of the plaintiff and of other lands fronting on Bayou Du Large. The defendant is the lessee of the Buckley lands. • An old survey, purporting to establish the line between the Buckley lands and the lands of his front proprietors, became obliterated. At that time the Louisiana Delaware Pur Company was the lessee of the Buckley lands, and that company obtained a federal court injunction restraining the owners of the contiguous lands from trespassing upon the Buckley lands. It appears that the plaintiff has consistently claimed that the words, “by the depth of the survey,” used in the deed' as describing the land conveyed to the plaintiff, means a depth of forty acres, and, for that reason, he persisted in trapping all land included within the area of the given width of his frontage on the bayou by a depth of forty acres.
 

 After the defendant went into possession of the Buckley land under his lease from Buckley, he had the Buckley lands surveyed. He had the line of the survey between the Buckley lands hnd those of the front proprietors well marked and caused warning signs against trespassing to be erected thereon. The line established by this survey indicated that the approximate depth of the plaintiff’s land was seven or eight acres. The plaintiff disregarded the survey and warning signs. He also disregarded personal notices to desist from
 
 *531
 
 trapping land beyond tbe rear boundary of his property as established by the Smith survey; whereupon the defendant caused the arrest of the plaintiff upon an affidavit charging him with trespass.
 

 We have carefully considered the record, and we find, as did the trial judge, that the defendant was not actuated by malice in causing the arrest of the plaintiff, and that he had probable cause for his act. The trial judge disposes of the contention that the prosecution was malicious and without probable cause, as follows:
 

 “It is suggested that the election of a prosecution in this Court rather than the institution of contempt charges (for violation of an injunction) in the Federal Dist. Court, was
 
 in itself
 
 an evidence of malice — especially, in view of the fact that defendant’s own attorney is admitted to have advised him to invoke the contempt charges, rather than institute the trespass charge before this Court.
 

 “Defendant accounts for his disregard of his attorney’s suggestion by saying that he did not wish to subject plaintiff to an almost certain jail sentence for contempt in the Federal Court; in effect he testifies that he regarded the course adopted as the
 
 milder resort,
 
 for which reason, he adopted it — not wishing to subject plaintiff to any more inconvenience than might suffice to protect his trapping lands.
 

 “Whether or not defendant was correct in his estimate of the milder and least inconvenient form of offense against plaintiff, the Court believes he was honest therein and, so believing, is of the opinion that malice was not a factor in determining his attitude.
 

 “Nor is the Court satisfied that a preponderance of the evidence demonstrates that defendant was lacking in what reasonably appealed to him as ‘probable cause,’ justifying the charge made.
 

 “Under the lease held by defendant, the titles and descriptions of the leased lands, his information as gathered from an attorney and a reputable surveyor, in both of whom he had sufficient confidence to prompt their professional employment, the Court is satisfied that he really believed that he knew the location and boundaries of his holdings, an employee, upon whom he relied as trustworthy, reported the presence of plaintiff as a trespasser upon the locations alleged.
 

 ■“Though the fact may be that he was laboring under an erroneous belief, the belief and conviction was nevertheless ‘bona fide,’ and founded upon information and advice which he regarded as competent.”
 

 In the case of Sandoz v. Veazie, 106 La. 202, 30 So. 767, 773, the court in considering the defense of probable cause quotes from Green-leaf the following: “Probable cause does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting.”
 

 In the case of Staub v. VanBenthuysen, 36 La. Ann. 470, the court had under consideration a- suit for malicious prosecution. In that case it said:
 

 “Actions of this sort have never been favored, and in order to sustain them a clear case must be established, when the forms of justice have been perverted to the gratification of private malice and the wilful oppression of the innocent.” See, also, Laville v.
 
 *533
 
 Biguenaud, 15 La. Ann. 605; Godfrey v. Soniat, 33 La. Ann. 919; Monroe v. Lumber Co. et al., 50 La. Ann. 147, 23 So. 247; Davis v. Stuart et al., 47 La. Ann. 383, 16 So. 871; Garnier v. Barnard, alias Dumontier, 45 La. Ann. 1270, 14 So. 189; Brelet v. Mullen, 44 La. Ann. 199, 10 So. 865.
 

 See, also, the authorities cited in the case of Dr. George M. Urbanek v. Dr. Hamlet Moore, 179 La. 300, 154 So. 4, of this court, this day handed down.
 

 For the foregoing reasons the judgment appealed from is affirmed, at appellant’s cost.
 

 ST. PAUL, J., absent.