Opinion of the court delivered by
Judge Whyte. —
This was an action for a malicious prosecution, brought by the defendant in error, Norwood, in the court below, against the plaintiff in error, Williams. The jury found a verdict in favor of Norwood, and assessed his damages to $91 00, and costs, upon which judgment was rendered. A new trial was moved for, and refused; and an appeal in error taken to this court.
A hill of exceptions taken on the trial shows, that the plaintiff in error, Williams, on the 31st October 1827, took out a state’s warrant, granted by a Justice of the Peace, against the defendant Norwood and one Nancy Brewer, for stealing a woolen coverlid, and a woman’s riding coat, of the value of nine dollars, his property.' — ■ On the next day Norwood was taken on the warrant before a Justice of the Peace, and .tried on the charge., *330 The judgment of the Justice of the Peace is endorsed oh the back of the warrant as follows: “Plaintiff not being able to prove and substantiate the charges exhibited in the warrant, the cause is dismissed, and the defendant discharged, Nov. 1, 1827. Alex’r. J. Aciden, J. P.”
The Justice of the Peace, Aciden, on the trial in the circuit court, deposed, “that the warrant was returned before him; that Miss Williams, the daughter of the defendant Williams, testified that the coat and coverlid, the clothes mentioned in the warrant, were by her carried to the camp-meeting over the mountain, and lost by her: they were tied with the surcingle on the saddle. That the horse left her and came to her father’s house with the saddle, without the clothes. About six weeks afterwards she had seen the coverlid on the plaintiff’s bed, and the coat cut up and made into clothes for Nancy Brewer’s children, and she had seen them with the clothes on. That Nancy Brewer lived at the house of the plainiff, and the children were said to be the children of the plaintiff. He discharged plaintiff from said warrant.”
A number of other witnesses were sworn on the trial below, principally to know the character of Norwood. One testified that he was a drunkard, but no rogue. Another that he had known him for thirty years, and testified to his good character. Another also that he had known him for 30 years, that he has an honest good character. Another that it is difficult to collect debts from him by execution. Another that his character was neither very good, or bad, did not pay his debts. Another, that whether he would believe him on oath would depend on circumstances, was a man of strong prejudices, no character for stealing, said to conceal his property from officers. Another believes that Norwood would not steal, but that Nancy Brewer would. Another, that Williams said to him he did not think that Norwood would steal, but supposed that Nancy Brewer stole the property after the horse had passed his house, &c. and other testimony of the like nature.
The error assigned is in the charge of the court to the *331 jury, which upon the record is as follows: The court charged the jury, “that this was an action for a malicious prosecution. That the plaintiff was entitled to recover, if the jury should be of opinion, from the evidence, that the prosecution was commenced against him by defendant maliciously, and without probable cause. That if defendant had probable cause for commencing prosecution, although it might not have been malicious, the plaintiff cannot recover. That probable cause was composed, partly of law, and partly of fact; and the court say to the jury, if they believe the testimony of the witnesses, there was, in the opinion of the court, no probable cause. From want of probable cause the jury may presume malice, and if there was express malice, it would make the case still stronger for the plaintiff. The jury might also take into consideration, particularly in the assessment of damages, if they should be of opinion that the-plaintiff is entitled to recover, the manner in which the defence has been conducted; if they should believe that in the defence of this cause, charges totally unfounded have been wantonly and unnecessarily made by defendant against plaintiff, and insisted on by counsel in argument, they might consider that as continued malice on the part of the defendant.”
The principal objection to this charge, is in reference to that part of it which treats of probable cause; and it is contended for the plaintiff in error, that there is a great difference between the law as held in England,and the law as held in this State,by virtue of the provisions of our constitution on the subject. That in England the judge decides what is probable cause, but here it is the province of the jury under the influence of the Constitution; and that this charge of the court infringes on their rights in this respect, in the present case.
A difference is supposed by the argument to exist, as to the mode of trial of “probable cause,”. in the action of malicious prosecution, between the law in England and the law in this State. The difference is predicated upon the 5th section of the 5th article of our Constitution, *332 which says: “courts shall not charge juries with respect to matters of fact, but may state the testimony and de-, dare the law;” but upon examination it will be found rather a seeming difference, than a real difference. It will not do to say upon this instrument, (the constitution,) as is sometimes broadly said, that probable cause is matter of fact, depends upon testimony, that the jury are the constitutional judges, or triers of the fact, and therefore the judges of what is probable cause, or not probable cause. The Constitution does not warrant this conclusion, that because they are the triers, or the judges of the facts, that therefore they are the judges of probable cause; for probable cause is the conclusion or result of law upon the facts, and to use the expressions in the books, the jurors cannot respond to the law, nor can the judges respond to the facts. Probable cause, then, in malicious prosecution, being a combined operation of fact and law, necessarily requires the intervention of both the jury and the judge, to arrive at the result or conclusion of, whether probable cause or not. The correctness of this course on jury trials, is proved not only by authority, but by those cases where the intervention of a jury does not take place, from the facts being previously found or ascertained in some other mode; as by plea and demurrer, as stated in the case of Kelton vs Bevins, (Cook’s Rep. 107,) where, in malicious prosecution, the defendant by plea, presents to the court the facts and circumstances on which he relies to show the plaintiff’s guilt probable, to which plea there is a demurrer: then the question of law arises to which the court must respond, to wit, whether the facts set forth by the plea constitute as their result, or operate in law, the conclusion of probable cause or not. So in like manner if the facts relied upon to shew the plaintiff’s guilt probable, were settled by the parties, and presented to the court as an agreed case; there the question with the court is, does the case agreed amount to probable cause. In, however, by much the greater number of eases, the question arises upon the evidence given to the jury upon the plea of not guilty and issue *333 joined thereon in the action of malicious prosecution; and in this mode of trial, the respective departments of jury and judge, are equally distinct; the respective functions of both being equally necessary to be exercised in coming to the conclusion of law upon the facts, of whether probable cause or otherwise. The jury decide upon the existence of the facts, the judge decides upon their operation in law. Thus when the evidence is closed, the judge declares to the jury, that if they believe the testimony, or facts given in evidence to be true, the law arising on that testimony is, or that testimony amounts to, probable cause, or not probable cause. And this mode is strictly agreeable to our constitution above stated; it says, the courts shall not charge juries with respect to matters of fact; that is, the courts shall not say, that this, or that fact is proved, or not proved, or that such testimony is to be believed, or not believed. Not that the court shall not charge the law upon the facts, or testimony; for the next following expression, that they (to wit,the courts) may state the testimony and declare the law, is explicit as to the meaning of the former. It is true, that it has been advanced by some very able and learned judges, in former times, that on all personal issues, the juries are judges of the law as well as of the fact, and in this capacity they may act upon the matter before them, and find the issue accordingly; and some instances are to be found in the books, where juries have with pertinacity acted upon this principle, and returned a second like verdict to the first, after a new trial had been granted because the first verdict was contrary to law, as declared by the judge; a case of this kind took place as late as the time of Lord Mansfield, and when he presided on the trials.
But the law at this day is certainly held the other way, pursuant to the common law doctrine, ad questionem legis respondent predices, ad questionem facti respondent jura-tores, and our Constitution is in accordance with this maxim in the place above cited.
That the jury are the triers or judges of the fact, and *334 the court the declarers or judges of the law upon the fact, is not now to be disputed. It is not necessary to quote authorities to this general position; iit is to be found in every book where the question is touched upon. One only will he cited, not for the purpose of supporting the general proposition, which however it does at the same time; but for its being on the very question in the present case, viz: probable cause in malicious prosecution. It is from Campbell’s Rep. An abstract of it is to be found in 2 Esp. N. P. 130,as follows: “There is this difference between malice and probable cause, that the one is a question of fact, the other of law. Both must generally be submitted to the jury, but when the facts to show probable cause are. ascertained, whether they amount to a defence or not, is to be decided by the judge.” This book goes hand in hand with our Constitution on the law, adopting the very principle, that the fact belongs to the jury, the law to the judge. It may be then asked, where lies the difference? It is answered, the difference lies not in theory, in principle, or in positive regulation, hut in the practice; and in this the judges in England sometimes take the liberty of trespassing upon the principle, and invading the province of the jury, by expressing their opinion on the fact, whether it is proved or not. This constitutes the only difference, a difference in the practice, not in the law-; a deviation from the principle, which is corrected and reformed by our Constitution.
Having now stated the law as held in England and in this state, and the practice under it in both, it only remains to be seen whether the charge of the judge in the present record is conformable to our constitution or otherwise. The part objected to is, “That probable cause was composed partly of law and partly of fact, and the court say to the jury, if they believe the testimony of the witnesses, there was in the opinion of the court, no probable cause.” Now what part of this charge is wrong? Where is the error? We have seen from the hooks that probable cause is composed of law and fact. In the case of Kelton vs. Bevins, cited by the plaintiff in error, the *335 doctrine is thus laid down: “Our constitution hinders the judges from charging the jury as to the matters of fact; whenever, therefore, an action of this kind is commenced, and a plea of not guilty pleaded, the jury are to try the question of probable cause, and it is a question then compounded of law and fact. The jury are to decide it as other questions under the direction of the court as to the law. They judge of the facts for themselves, and receive the law from the court.” What language can be more plain than this? It seems to me no comment by way of explanation can add to its clearness. The charge of the judge in the present case, is not only in meaning and substance the same, but almost in terms the same. The charge is, “probable cause is composed partly of law and partly of fact;” the hook is, “it is a question then oí law and fact.” But this expression, “the jury were to try the question of probable cause,” is seized on and made the subject of observation; it is used on argument as though they were to try it solely without the intervention of the court. The expression would bear this construction if it stood alone, and were not explained by what preceded and followed it. The next succeeding passage shows the meaning of the able judge who was delivering his judgment. — It is a question then, says he, composed of law and fact — explaining the meaning of the preceding words that “the jury are to try the question of probable cause.” How are the jury to try it, it may be asked? The answer follows directly in his next succeeding words, “ the jury are to decide it as any other question under the direction of the court as to the law; they judge of the facts for themselves, and receive the law from the court.” So much from this able and learned judge. Now is not this the very case or proceeding here in this record? Did not the circuit judge leave the facts to the jury themselves, and deliver or declare the law? No language could express this clearer than he has done. He says, “and the court say to the jury, if they believe the testimony of the witnesses.” Is not this leaving them to judge of the facts, for themselves? He then proceeds,“there was in the opin *336 ion of the court no cause.” Was not this receiving the law from the court? My opinion upon this part of the charge is, that there is no error.
With respect to the remaining part of the charge objected to, to wit, that the jury might take into consideration, in the assessment of damages, the manner in which the suit was conducted in court, upon the argument of the counsel, we are not prepared to say whether, stric-ti juris, it was regular or otherwise. We consider it wholly unimportant to examine it, as our act of Assembly of 1809, ch. 126, forbids the reversal of judgments by this court upon errors not affecting the merits of the judgment. And attending to this record, it is impossible to say otherwise than that the merits have been fully gone into, carefully examined, and correctly decided in the circuit court.
We may add, that if proof was made by the defendant below, assailing the character of the plaintiff, Nor-wood, by charges disconnected with the issue, intending thereby to lessen his damages, because of Norwood’s suspicious character, and the charges set up, turned out to have been wantonly made, because wholly untrue, then it was the duty of the court to instruct the jury, that if the facts were true, they might be taken in mitigation; but if untrue, in aggravation of damages: and substantially the charge is so.
In an action for a malicious prosecution, the disposal of a state’s warrant by the magistrate, is prima facie evidence of the want of'probable cause; and throws upon the prosecutor the burthen of proof that there was probable cause. Johnson vs. Martin, (3 Murph, R. 348.
A party has a right to the opinion of the court distinctly upon the law, on the supposition that he has established to the jury certain facts going to shew probable cause, or want of it. Plummer vs. Greer, (3 Hawks’ R. 66.
Judgment affirmed.