M. HELDT v. B. B. WEBSTER.

(Case No. 1522.)

1. MALICIOUS PROSECUTION — CHARGE OF THE COURT.— The following charge of the trial court is held to be erroneous: "If the plaintiff was discharged from the prosecution by the examining magistrate who examined the case, then the presumption of law is, that there was no probable cause; but if the evidence further shows that the defendant had reasonable cause to believe, and did believe, that the facts stated in the complaint were true, then he would have such probable cause as the law contemplated," because (1) The discharge of the defendant in a criminal prosecution does not raise a presumption of probable cause. (Following Griffin v. Chubb, 7 Tex., 614.) (2) The want of probable cause is a question of fact for the jury to determine, and such charge gives to that fact a prominence to which it was not entitled.

2. SAME.— A charge as to the presumption arising from a certain state of facts, unless a conclusive presumption arises, is a charge on the weight of evidence.

APPEAL from Cass. Tried below before the Hon. B. T. Estes.

B. B. Webster, by his father as next friend, brought this action against M. Heldt for malicious prosecution, among other things alleging that, in connection with William Braxton and Jeff Benjamin, he

was charged by appellant with fraudulently and wrongfully appropriating with Heldt's consent eight hundred pounds of cotton seed of the value of $24, the property of Heldt. Upon the examination before the justice all the parties accused were discharged. Webster alleged loss of reputation and character by reason of this act of Heldt, and also prayed for vindictive damages. Heldt answered by a general denial. A judgment for $14 actual and $251 punitory damages was given; from which this appeal is prosecuted.

*O'Neal & Son* and *J. H. Henderson*, for appellant.

*H. A. O'Neal* and *Geo. T. Vaughan*, for appellee.

STAYTON, ASSOCIATE JUSTICE.— This action was brought by the appellee by next friend to recover damages for malicious prosecution. It appears that the appellant had instituted and prosecuted to hearing before a justice of the peace a complaint in effect charging the appellee and others with the theft of cotton. Upon that hearing the appellee and the others with whom he stood charged were discharged.

Upon the trial of this cause the jury were instructed: "If the plaintiff was discharged from the prosecution by the examining magistrate who examined the case, then the presumption of law is that there was no probable cause; but if the evidence further shows that the defendant had reasonable cause to believe, and did believe, that the facts stated in the complaint were in fact true, then he would have such probable cause as the law contemplates." This is assigned as error.

This question was decided in the case of Griffin v. Chubb, 7 Tex., 614, and it was there, in accordance with authority, held that a verdict of "not guilty" and discharge of the defendant in a criminal prosecution instituted by the defendant in the suit, who had testified in the criminal prosecution, did not raise a presumption of the want of probable cause.

The correctness of this ruling is not questioned by the appellee, but it is contended that the subsequent part of the charge corrected the error, and that the want of probable cause was fully shown by the evidence.

Whether there was want of probable cause was for the jury to determine under the facts in evidence; and they might consider, in making up their verdict, the fact that the appellee had been discharged by the examining court; but the charge of the court was

incorrect as matter of law, and gave to that fact a prominence to which it was not entitled.

Any charge as to a presumption arising from a given state of facts, unless in those cases in which the law raises a conclusive presumption, in the nature of things, is a charge upon the weight of evidence, and, although other parts of the charge given may have been correct, such an error will require a reversal of the judgment; and the fact that this court might be of the opinion that the evidence in the case justified the verdict found would not change the rule. The defendant was entitled to have the case submitted to the jury without any intimation from the court as to the putative force of a given fact. That was not done.

The other assignments of error have been considered and are not deemed to be well taken.

For the error indicated, the judgment of the court below is reversed and the cause is remanded.

Reversed and remanded.

[Opinion delivered October 23, 1883.]