## EMIL BEKKELAND v. J. A. LYONS.

### No. 1182. Decided February 19, 1903.

**Malicious Prosecution—Effect of Plaintiff's Acquittal.**

     In a suit for malicious prosecution, evidence that plaintiff was acquitted of the charge brought by defendant is admissible to show that the prosecution has terminated, but can not be considered as evidence to show malice or want of probable cause in instituting it, and defendant is entitled to an instruction to that effect. (Pp. 256, 257.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Bosque County.

*J. A. Gillette,* for appellant.—The verdict of the jury and the judgment of the court showing appellee's acquittal of the charge complained of was not evidence against appellant of malice or want of probable cause, and should have been considered by the jury but for one purpose, viz., that said prosecution had terminated in appellee's favor; and said evidence not being limited by the court could have been considered by the jury, not only as proving that said prosecution had terminated in appellee's favor, but also for the purpose of showing malice or want of probable cause, and therefore should have been limited by the court in his main charge or in the special charge asked by appellant. Cook v. Land Co., 6 Texas Civ. App., 326; Jackson v. Jones, 11 S. W. Rep., 1061; Kitchen v. State, 26 Texas Crim. App., 165; Estill v. State, 38 Texas Crim. Rep., 253; Griffin v. Chubb, 7 Texas, 603; Heldt v. Webster, 60 Texas, 208.

No briefs were filed for appellees.

GAINES, CHIEF JUSTICE.—This case comes to us upon the following certificate:

"The above styled and numbered cause is now duly pending before us on appeal from the County Court of Bosque County, upon facts and pleadings as hereinafter substantially stated, to wit: The action is for damages for an alleged malicious prosecution. Appellee, who was the plaintiff below, pleaded that appellant voluntarily appeared before a justice of the peace and instituted a criminal prosecution against him by falsely and maliciously charging him with theft, and with cutting and hauling timber from the land of another, etc. That a capias was duly issued by the said magistrate upon said charge and the appellee arrested and placed in the county jail of Bosque County; that he had violated no law of Texas, as appellant well knew, and that appellant prosecuted him willfully, maliciously and without probable cause; that · appellee was duly tried in the County Court of Bosque County upon said charge and acquitted, and he prayed judgment against appellant for his damages.

"Appellant in defense pleaded the general denial. Judgment for appellee.

"The evidence establishes the institution and result of the criminal prosecution as alleged, and there was also evidence tending to prove that appellant acted maliciously and without probable cause. The preponderance of the evidence, however, tends to show that such prosecution was neither malicious nor without probable cause.

"The appellant upon the trial prepared and requested the court to submit to the jury the following special charge, which the court refused, and to which ruling he has assigned error:

" 'You are instructed by the court, at the request of defendant, that the fact of plaintiff's acquittal upon the charge complained of can not be considered by you for the purpose of showing malice or want of probable cause, but you can consider said fact for the purpose of showing that the prosecution in said cause had ended in plaintiff's favor.'

"In view of the apparent conflict among the decisions and text writers and of the fact that the members of this court are not wholly agreed upon the subject, we deem it advisable to certify to your honors for answer the following question, viz: Upon the facts above stated, was the action of the court in refusing the requested instruction of appellant erroneous?

"Among the authorities apparently bearing upon the question we cite: Cook v. Company, 6 Texas Civ. App., 326; Jackson v. Jones, 11 S. W. Rep., 1061; Kitchen v. State, 9 S. W. Rep., 461, 26 Texas Crim. App., 165; Estill v. State, 42 S. W. Rep., 305, 38 Texas Crim. Rep., 255; Griffin v. Chubb, 7 Texas, 603; Thompson v. Company, 16 Atl. Rep., 557; Bell v. Pearcy, 11 Iredell's Law (N. C.), 233; Bigelow on Torts, ed. 1891, 63; Stewart v. Sonneborn, 8 Otto, 187 (25 L. Ed., 119); Sutor v. Wood, 76 Texas, 407; Heldt v. Webster, 60 Texas, 207; Raleigh v. Cook, 60 Texas, 422; Jones v. Finch, 4 S. E. Rep., 342; Womack v. Circle, 32 Grat., 347; Whitfield v. Westbrook, 40 Miss., 317; Wright v. Fansler, 90 Ind., 949; Williams v. Norwood, 10 Tenn., 336 (2 Yerger); Smith v. Ege, 52 Pa. St., 421; 2 Greenl. on Ev., 455."

In Griffin v. Chubb, 7 Texas, 603, the trial court instructed the jury, that "a verdict of not guilty and discharge of the defendant from prosecution raises the presumption that there was no probable cause." This court held that the charge was erroneous, and in deciding the question the court say: "The defendant's acquittal did not raise the presumption of the want of probable cause." In Heldt v. Webster, 60 Texas, 207, a similar charge was held erroneous, and in course of the argument the court say: "Whether there was want of probable cause was for the jury to determine under the facts in evidence; and they might consider, in making up their verdict, the fact that the appellee had been discharged by the examining court; but the charge of the court was incorrect as matter of law, and gave to that fact a prominence to which it was not entitled." It seems to us, however, that the question, whether, save for the purpose of showing that the prosecution has ended, the fact of ac-

quittal or discharge has any probative force whatever, was not involved in that case. The same may be said as to the remarks in the course of the opinions in subsequent cases of Raleigh v. Cook, 60 Texas, 438, and Sutor v. Wood, 76 Texas, 403. In each of these cases referred to the question was as to the propriety of a charge which made either the discharge by a magistrate or the acquittal by a jury of the party charged presumptive evidence of the want of probable cause. It seems to us, therefore, that neither of these cases can be considered as having decided the question. We think, however, that the principle which should govern its decision was involved in the case of March v. Walker, 48 Texas, 372. That was a suit by the children of a deceased person to recover damages against the slayers of their father. During the course of the trial the defendants offered evidence to show that the defendants had been acquitted upon a trial for murder growing out of the same homicide. For the reason evidently that the evidence was without probative force, it was held that it was properly excluded. In case of a suit for malicious prosecution, it is proper to introduce in evidence the fact of the acquittal in order to show that the prosecution is at an end. But if the fact of acquittal was without probative force in the case last cited, for a stronger reason it would have no tendency to prove anything in a case like the present, except that the prosecution was at an end. In the criminal case against March and in the civil suit, one issue was the same,—that is to say, was the homicide justifiable?—it being necessary in the former for the State to prove the negative beyond a reasonable doubt, whereas in the latter it was incumbent upon the plaintiff to show justification by a preponderance of evidence. Upon a trial for a criminal offense the question is, does the evidence show beyond a reasonable doubt that the offense has been committed?—but upon the trial of a suit for malicious prosecution of such an offense the issue is, was there probable cause to believe that an offense had been committed? The fact that a verdict of not guilty is returned in the former case neither shows nor does it reasonably tend to show that there was no probably cause for the prosecution. Besides we fail to see how, in a suit to recover damages for the malicious prosecution of a criminal charge, the verdict or judgment upon the trial of the charge should in any manner affect the prosecutor, when he is not a party to the suit.

We recognize, as does the Court of Civil Appeals, the conflict of authority upon the question, but we are of the opinion that the weight of authority and the better reason are in favor of the proposition that in such a case the acquittal of the plaintiff of the criminal charge is not evidence tending to show the want of probable cause. We cite some of the recent cases: Stewart v. Sonneborn, 98 U. S., 187; Allen v. Codman, 139 Mass., 139; Willard v. Holmes, 142 N. Y., 492; Eastman v. Monastes, 32 Ore., 291; see also note to Ross v. Hixon, 26 Am. St. Rep., 155.

We answer the question in the affirmative.