FUENTES, PLAINTIFF, AND APPELLANT, *v.* MARTÍNEZ, DEFENDANT AND APPELLEE.

## APPEAL from the District Court of Mayagüez in an Action for Damages and Malicious Prosecution.

### No. 1553.—Decided March 29, 1917.

MALICIOUS PROSECUTION—DAMAGES—PROBABLE CAUSE—MALICE.—Mere proof of the arrest and acquittal of the plaintiff and of damages in an action for malicious prosecution is not sufficient to make out a *prima facie* case, for lack of probable cause and malice must also be proved. The arrest and acquittal alone do not tend to show a lack of probable cause.

ID.—PROBABLE CAUSE—EVIDENCE—MALICE.—At the trial in this case the plaintiff proved his arrest and acquittal by certain documents from the record of the prosecution for embezzlement introduced during the testimony of the secretary of the municipal court where the prosecution took place, and also proved damages. Some evidence on the question of probable cause was introduced by the defendant during the examination of the witness together with other documents from the same criminal record. *Held:* That in such circumstances the plaintiff did not prove malice, which is a mixed question of law and fact.

ID.—NONSUIT—EVIDENCE.—When on cross-examination of his own witness the plaintiff makes no objection to the introduction in evidence by the defendant of other documents in the possession of said witness, the proof so admitted is generally considered as part of the complainant's *prima facie* case for the purposes of a nonsuit; and the motion for nonsuit cannot be objected to on the ground that the defendant had introduced a part of his evidence.

ID.—ID.—JUDGMENT—EXCEPTION.—Although the plaintiff took no exception to the ruling of the court sustaining the motion for nonsuit on the ground that the plaintiff had not made out a *prima facie* case, if the judgment is directly responsive to the motion, the judgment, by section 213 of the Code of Civil Procedure, is excepted to by the act of the law.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Messrs. Feliú & Alemañy* and *Genaro Altiery* for the appellee

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment appealed from was a nonsuit and consequently the principal matter discussed by the parties is whether the proof of the complainant made out a *prima facie* case. The action was one for malicious prosecution and we consider, as found by the court below, that the complainant failed to prove malice.

At the trial the complainant proved his arrest, his acquittal, and proof tending to show damages. This was apparently all that the complainant thought it was necessary to prove. The case of *Ruiz* v. *Parés,* 19 P. R. R. 323, which has been frequently followed and quoted, shows that lack of probable cause and malice must be proved. We agree with the appellee that the mere proof of the arrest and the acquittal do not tend to show a lack of probable cause. In *Bekkeland* v. *Lyons,* 96 Tex. 255, 64 L. R. A. 474, the court pointed out that there was a conflict on this point but that there was greater reason for the conclusion that we have reached. Otherwise it would seem to us, once proved the arrest and the acquittal, the burden would be shifted to the defendant of showing probable cause.

But there is a difficulty in applying the principle in this case. The complainant proved his arrest and acquittal by the secretary of the municipal court where the prosecution took place. On cross-examination and .without objection on the part of the complainant the defendant proved and offered in evidence other documents which the secretary had in his possession in the same record or *expediente.* These papers were apparently some of the proof in the prosecution. It appeared that the appellant had received on the 30th of July, 1916, from a certain Carlos Cruz the sum of $43.96 to be turned over to Valerio Martínez Vanell on the 31st of August, 1916. If the failure to turn over this sum of $43.96 was the sole cause for the arrest we think the lack of probable cause was proved. It was in form a receipt and a promise to turn over to the said Martínez the sum of $43.96. The failure to perform the promise was not an embezzlement, without the showing that appellant was an agent of appellee authorized to receive such a sum and hence owed appellee some special duty. The appellee maintains, however, that appellant failed to show that the keeping of this $43.96 was the cause of the arrest. While this is perhaps technically true, as the proof was produced at the instance of the appellee,

being responsive to nothing offered on direct examination, it is a fair inference that the arrest was caused by reason of the failure to turn over the said sum of $43.96.

There was other proof presented in the *expediente* which tended more or less vaguely to show some sort of agency with regard to other moneys, or another account between the said appellant and the said appellee. The question of malice is a mixed one of law and fact which the court may infer from the lack of probable cause. *Stewart* v. *Sonneborn*, 98 U. S. 187; *Paganacci* v. *Lebrón*, 24 P. R. R. 743. The court did not infer it in this case. Indeed, the appellant apparently thought he had made out a *prima facie* case on proving the arrest, acquittal and damages, and it was only on a motion for reconsideration that he maintained that the proof had been supplied by the act of the appellee in offering in evidence the other proof in possession of the secretary of the municipal court. As the burden was on the appellant to show malice, a positive matter, we shall not disturb the finding of the trial court in this regard. We see nothing in the record to indicate such malice.

Appellant maintains that the motion for nonsuit was improper as the defendant offered in evidence proof of his own. Technically, there might have been some reason in the contention of appellant. The proof was not responsive to the examination in chief. But the appellant suffered it to go in without objection on cross-examination of his own witness. Generally, proof so admitted is considered as part of the case of the complainant. When the plaintiff closes his case the question of nonsuit is directed to all the proof then before the court and the proof admitted at the instance of either side is usually considered as the part of the complainant's *prima facie* case. The court here was justified in treating all the proof before it as part of complainant's case.

Appellee maintains that there was no exception to the action of court in directing a motion for nonsuit. We have generally considered the judgment as directly responsive to

the motion and the judgment, by section 213 of the Code of Civil Procedure, is excepted to by the act of the law.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.