THOMAS J. SNIDE, APPELLEE, v. MIKE SMITH, APPELLANT.

FILED MAY 4, 1918.   No. 20066.

Malicious Prosecution: WANT OF PROBABLE CAUSE: EVIDENCE. In a criminal proceeding instituted by a private individual before a justice of the peace, the mere discharge of defendant without the participation of a public prosecutor, and without a trial or finding on the merits of the case, is no evidence of want of probable cause for the filing of the complaint.

APPEAL from the district court for Sarpy county: JAMES T. BEGLEY, JUDGE. *Reversed.*

*Ringer & Bednar,* for appellant.

*William R. Patrick, contra.*

ROSE, J.

This is an action to recover damages in the sum of $2,500 for malicious prosecution. From the judgment on a verdict in favor of plaintiff for $175, defendant has appealed.

While Snide was cultivating a field of corn, Smith was likewise engaged in a contiguous cabbage patch. Under a lease Smith claimed a share of the corn as rental for the land, and asserted the right to participate in its cultivation. Snide had undertaken to raise the corn on the shares, and disputed Smith's right to cultivate it under existing conditions. After a controversy between the two, a warrant for Snide's arrest was issued on a complaint filed by Smith. In a few days each party with his counsel appeared before the justice of the peace who had issued the warrant. Snide ob-

jected to being prosecuted by private counsel. The county attorney had not been consulted about the filing of the complaint, had not personally investigated the facts, declined on behalf of the county to incur liability for costs under the circumstances, and refused to prosecute Snide under Smith's complaint. The justice of the peace excluded private counsel for the prosecution, and the proceeding was consequently dismissed without a trial or a finding on the merits of the case. The present suit by Snide against Smith for malicious prosecution followed. Probable cause for the complaint was a vital issue in the civil action. On that issue the following instruction is challenged as erroneous:

"You are instructed that what is probable cause is not contingent upon the fact of the guilt of the accused. The discharge of the plaintiff in the justice court is not of itself conclusive evidence of want of probable cause, and in this case plaintiff must do more than prove that he was not guilty of the offense charged in the justice court and that he was discharged therein, but he must further prove by a preponderance of the evidence that the defendant, Mike Smith, acted without probable cause and with malice in instituting said prosecution."

The direct reference to the "discharge of plaintiff" and the specific statement that it "is not of itself conclusive evidence of want of probable cause" are equivalent to instructing the jury that Snide's discharge by the justice of the peace is evidence that Smith had made the criminal complaint without probable cause. This is not a correct statement of the law. The dismissal of the criminal proceeding was either a direct or an indirect result of a motion by Snide. No public prosecutor said that the criminal charge had been made without probable cause or that Snide had not been guilty of a breach of the peace. The issue raised by Snide's plea of not guilty had never been tried in a

102 Neb.—29

criminal court. No magistrate or court had ever passed on the merits of the criminal proceeding. Under the circumstances narrated, the dismissal was no evidence whatever of the want of probable cause. The rule based on reason and sustained by the weight of authority was recently stated as follows (12 L. R. A. n. s. 717): "The mere release without prosecution of one arrested under charge of crime does not create a presumption that the one procuring the arrest acted without probable cause." See notes to *Bekkeland v. Lyons,* 64 L. R. A. 474 (96 Tex. 255), and *National Life & Accident Ins. Co. v. Gibson,* 12 L. R. A. n. s. 717 (31 Ky. Law Rep. 101); 18 R. C. L. p. 41.

Was the erroneous instruction prejudicial to Smith? In the civil case the testimony of each party tended to show that the other had been the trespasser and the aggressor in the controversy resulting in the criminal charge. The testimony of Smith, of his wife, and of his farm-hand indicated that Snide, in a violent and threatening manner, came into the cabbage patch, used vile and profane language, and was prevented by the farm-hand from making an assault on Smith. The only testimony that Smith was the trespasser and the aggressor came from Snide. In this condition of the proofs the trial court in effect told the jury that Snide's discharge was evidence that the complaint had been made without probable cause. This discharge, erroneously held by the trial court to be evidence of want of probable cause, was thus thrown into the balance against Smith. Under the circumstances the error was clearly prejudicial. In addition, the cross-examination of one of Smith's witnesses, in an apparent attempt to disclose collateral facts already excluded by the trial court, went beyond proper bounds.

The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, J., not sitting.