LAWRENCE LEWIS *vs.* ABRAHAM GOLDMAN.

Suffolk.   November 29, 1921. — June 26, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Evidence*, Competency, Of reputation, Burden of proof.   *Malicious Prosecution.*

In an action for malicious prosecution evidence of the reputation of the plaintiff is inadmissible in the absence of evidence that the reputation is known to the defendant.

A finding of not guilty and a discharge of a defendant in a criminal action should not be considered on the issues of malice and want of probable cause in an action for malicious prosecution.

TORT for malicious prosecution of the plaintiff in the Police Court of Chelsea for an alleged assault and battery. Writ dated June 19, 1919.

In the Superior Court, the action was tried before *Lummus,* J. Material evidence and instructions to the jury are described in the opinion. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. O'Connor,* for the plaintiff.

*M. Jacobs,* for the defendant, submitted a brief.

RUGG, C.J. This is an action for malicious prosecution. It was not error to exclude evidence of his good reputation offered by the plaintiff, there being no evidence and no offer to show that the reputation of the plaintiff was known to the defendant. Such evidence is admissible only when the reputation is known to the defendant. The reason is that, although commonly in civil cases evidence of reputation is not competent as bearing upon liability for a particular act, yet in an action for malicious prosecution the burden of proving want of probable cause lies on the plaintiff, and "the same facts, which would raise a strong suspicion in the mind of a cautious and reasonable man, against a person of notoriously bad character for honesty and integrity, would make a slighter impression if they tended to throw a charge of guilt upon a man of good reputation." *Bacon* v. *Towne,* 4 Cush. 217, 241. The probative value of evidence as to such reputation in a case like the present depends wholly upon knowledge of it by the defendant. *Geary* v. *Stevenson,* 169 Mass. 23, 32. *McIntire* v. *Levering,* 148 Mass. 546.

It was conceded by the defendant that the prosecution had been terminated in favor of the plaintiff by a finding of not guilty and a discharge in the police court of Chelsea before the beginning of the present action. The instruction that the jury could not consider the acquittal or the discharge on the issues of malice and want of probable cause was right. It is manifest that one might make a complaint for a criminal prosecution in good faith with probable cause and yet that the court upon trial might discharge the defendant. Plainly, the mere acquittal is a fact of no significance on the question whether there was malice or want of probable cause in instituting the criminal proceedings. The existence of probable cause depends upon the facts within the knowledge of the defendant at the time the prosecution was instituted and not upon subsequent events nor upon matters then unknown to him. Probable cause is "to be judged of, not upon the actual

state of the case, but upon the honest and reasonable belief of the party prosecuting." *Kidder* v. *Parkhurst,* 3 Allen, 393, 396. In *Stone* v. *Crocker,* 24 Pick. 81, at page 84, it was said: "The want of probable cause is the essential ground of this action. Other things may be inferred from this. But this cannot be inferred from anything else. It must be established by positive and express proof. It is not enough to show that the plaintiff was acquitted on the charge preferred against him, or that the defendant abandoned the prosecution." The precise point here presented there was left undecided because not necessary to the judgment, but it was said at page 88 that the ruling of the trial court to the effect that acquittal was *prima facie* evidence of want of probable cause, although supported by one respectable authority, was contrary to other authorities and did not seem to be in accord with the principles which govern the action. The reasoning upon which rests the decision of *Stone* v. *Crocker* leads inevitably to the result that acquittal of the plaintiff on the criminal charge is of itself no evidence of want of probable cause. Doubtless that decision has been accepted by the profession as decisive, for the point seems not to have been raised again until the present in this Commonwealth. This conclusion is supported by the great weight of authority. *Stewart* v. *Sonneborn,* 98 U. S. 187, 195. *Glenn* v. *Lawrence,* 280 Ill. 580, 588. *McBean* v. *Ritchie,* 18 Ill. 114. *Prine* v. *Singer Sewing Machine Co.* 176 Mich. 300, 320. *Fox* v. *Smith,* 26 R. I. 1. *Staub* v. *Van Benthuysen,* 36 La. Ann. 467, 470. *Yocum* v. *Polly,* 1 B. Mon. 358. *Reiss* v. *Levy,* 165 App. Div. (N. Y.) 1. *Bekkeland* v. *Lyons,* 96 Texas, 255. *Helwig* v. *Beckner,* 149 Ind. 131. *Smith* v. *Clark,* 37 Utah, 116. *Thompson* v. *Beacon Valley Rubber Co.* 56 Conn. 493. *Apgar* v. *Woolston,* 14 Vroom, 57. *Snide* v. *Smith,* 102 Neb. 448. *McIntosh* v. *Wales,* 21 Wyo. 397. *Eastman* v. *Monastes,* 32 Ore. 291. See *Desmond* v. *Fawcett,* 226 Mass. 100. Although some decisions to the contrary may be found, they seem to us not in accord with the underlying principles on which the action for malicious prosecution is founded.

*Exceptions overruled.*