ARTHUR C. FROST *vs.* HENRY I. HOLLAND.

Cumberland. Opinion April 10, 1883.

*Evidence. U. S. commissioner's record. Probable cause.*

A paper certified by a commissioner of the United States circuit court, in this state, with his seal and signature, as a true copy of the original record in a proceeding within his jurisdiction, is properly authenticated, and admissible in evidence without oath.

In an action for malicious prosecution, proof that the plaintiff was discharged by the examining magistrate for want of probable cause to believe him guilty, makes a *prima facie* case for the plaintiff, upon the question of the want of probable cause.

ON EXCEPTIONS and motion.

Case for damages for an alleged malicious prosecution, before a United States commissioner, December 24, 1880. The writ

was dated August 1, 1881. The verdict was for plaintiff, for $432.50.

The opinion states the material facts.

*Locke and Locke*, for the plaintiff, cited: *Olmstead* v. *Partridge*, 16 Gray, 383 ; *Sayles* v. *Briggs*, 4 Met. 421 ; *Stone* v. *Crocker*, 24 Pick. 87 ; *Humphries* v. *Parker*, 52 Maine, 505 ; *Page* v. *Cushing*, 38 Maine, 526 ; *Merriam* v. *Mitchell*, 13 Maine, 439 ; Bigelow on Torts, (Student's Ed.) 82, 78 ; 1 Hill'd Torts, 446 ; 2 Starkie Ev. 915, 913, 914, 917 ; 3 Mason, 102 ; *Pullen* v. *Glidden*, 66 Maine, 202 ; *Speck* v. *Judson*, 63 Maine, 207 ; Butler's Nisi Prius, 14 ; 2 Greenl. Ev. § 456 ; *Tompson* v. *Mussey*, 3 Greenl. 305.

*Clarence Hale*, for the defendant.

There is no want of probable cause shown. Probable cause has been clearly defined in *Bacon* v. *Towne*, 4 Cush. 217, and in many other cases. Perhaps the best definition, quoted most widely by legal writers on the subject, is found in *Lacy* v. *Mitchell*, 23 Ind. 6.

If defendant honestly believed that plaintiff did pass it, and the circumstances were sufficiently strong to give him a reasonable ground of such suspicion and belief, then that makes such a case of probable cause as will be a perfect defence. *James* v. *Phelps*, 11 Ad. & El. 483 ; *Hall* v. *Suydam*, 6 Barb. 83 ; *Swain* v. *Stafford*, 4 Ired. 392 ; *Humphries* v. *Parker*, 52 Maine, 502 ; *McGurn* v. *Brackett*, 33 Maine, 331 ; Bigelow's Leading Cases in Tort, p. 198 ; The Central Law Journal, vol. 14, pp. 63, 86 ; *Farnham* v. *Feeley*, 56 N. Y. 451 ; Al. Law Jour. vol. 22, p. 114 ; *Cloon* v. *Gerry*, 13 Gray, 201 ; *Kidder* v. *Parkhurst*, 3 Allen, 393 ; Bigelow on Torts (Student's Series), 77, 78, and cases cited ; *Stewart* v. *Sonnebon*, 8 Otto, 187 ; *Farnham* v. *Feely*, 56 N. Y. 451 ; *Besson* v. *Southard*, 10 N. Y. 236.

This whole question of probable cause has been ably and exhaustively discussed in the Central Law Journal, vol. 14, pp. 62 and 82, in articles written by John D. Lawson. These articles are full of citations and are a digest of principal decisions on the subject.

The rule which makes the certified copy of the record of a justice of the peace admissible, does not apply to the records of a United States commissioner.

1st. Because justices of the peace are held to be courts or judges of record. "They are required, by statute to keep a record of all their judicial proceedings, both in civil and criminal cases." The existence of such record is recognized and its production required, in various cases; "and many of the cases tried before them are not mere preliminary examinations leading to other proceedings, but judgments in their strict sense." *Thayer* v. *Commonwealth*, 12 Met. 9.

2nd. In every case in which certified copies of United States, and state officials have been admitted, it has been upon the ground that there was a prescribed duty and obligation to keep such records. *U. S.* v. *Percheman*, 7 Pet. 52.

Thus the register of letters, received at the post office, is an official record authorized by law to be kept, and is, therefore, admissible in evidence. *Gurney* v. *Howe*, 9 Gray, 404. And in *Evaston* v. *Gunn*, 19 Alb. Law J. 317, the admission of a record kept by a person employed by the United States signal service at Chicago was objected to upon the trial of an action; because there was no law authorizing such records to be used; and because it was not competent testimony. But the court held the said records admissible on the ground, that "they are of a public character, kept for public purposes, and so immediately before the eyes of the community, that inaccuracies, if they should exist, could hardly escape exposure." *Dyer* v. *Snow*, 47 Maine, 254.

SYMONDS, J. This is an action upon the case brought to recover damages for an alleged malicious prosecution of the plaintiff by the defendant, before a commissioner of the circuit court of the United States, upon the charge of passing a counterfeit trade dollar. The first exception is to the admission of a certified copy of the original record, "unsupported by the testimony of the commissioner." This copy, including the criminal complaint against the plaintiff, the warrant, return of arrest, recognizance, proceedings, and his final discharge for

want of probable cause to believe him guilty, is certified under the hand and seal of the commissioner as a true copy of the original record. This official certificate of the commissioner that in point of fact such a record exists is without contradiction in the case, and the same fact is assumed in the manner in which the exception itself is stated. The exception is to the admission of the copy without the oath of the commissioner; the claim being that the original record proved by his oath was required and the copy was not admissible.

In *Sawyer* v. *Garcelon*, 63 Maine, 25, it is said, "in most, if not all, of the courts in this country, copies of the record properly authenticated are received as sufficient in all cases; a practice said to be established either by immemorial usage or early statutes to that effect."

"The rule may be considered as settled, that every document of a public nature, which there would be an inconvenience in removing, and which the party has a right to inspect, may be proved by a duly authenticated copy." 1 Greenl. Ev. § 484.

Substantially the same rule is stated in Whart. Ev. § 108, and reference is made to "the growing tendency, even at common law, to permit the records to be represented by exemplifications, or by other authenticated copies."

In reference to the judgments of inferior courts, it is said in 1 Greenl. Ev. § 513, that "where the course is to record them, which will be presumed until the contrary is shown, the record, or a copy properly authenticated, is the only competent evidence." *State* v. *Bartlett*, 47 Maine, 402, gives the same rule.

The method of procedure by commissioners of the circuit court in arresting, imprisoning and bailing offenders against the laws of the United States, is required to be in conformity with "the usual mode of process against offenders" in the state where they are found. U. S. Rev. Stat. § 1014. In this state, committing magistrates are required to keep a record of their proceedings. R. S., c. 83 § 24; c. 133 § § 13, 17; *Thayer* v. *Commonwealth*, 12 Met. 9. We think it was the public duty of the commissioner to keep a record of such proceedings as issuing warrants upon criminal complaints, imprisoning persons arrested or admitting

them to bail, or discharging them upon hearing. The seal of office of such a commissioner is recognized by the statute. U. S. Rev. Stat. § 1778. "In proving a record by a copy under seal, the courts recognize, without proof, the seal of state, and the seals of the superior courts of justice, and of all courts established by public statutes; and by parity of reason it would seem that no extraneous proof ought to be required of the seal of any department of state, or public office established by law, and required or known to have a seal." 1 Greenl. Ev. § 503; Whart. Ev. § § 319, 321, 695.

The papers which were received in evidence, certified by the commissioner with his official seal and signature as true copies of the original record, in a proceeding within his jurisdiction, were properly authenticated, and admissible without oath.

In an action for malicious prosecution, the want of probable cause will not be inferred from the mere failure of the prosecution, nor from a mere acquittal upon trial, but the weight of authority seems to be in accordance with the ruling, that proof that the plaintiff was discharged by the examining magistrate, for want of probable cause to believe him guilty, makes a *prima facie* case for the plaintiff in this respect, so that the defendant is called upon to offer proof to the contrary. 2 Greenl. Ev. §. 455; 1 Am. Lead. Cases, 268; Cooley on Torts, 184.

The motion for a new trial on the ground that the verdict is manifestly against the evidence, or so excessive as to indicate an improper motive or misapprehension on the part of the jury cannot prevail. The plaintiff was prosecuted for a serious offence, for which heavy penalties are provided, when in fact no crime had been committed. The jury were not in fault in finding that the damages, necessarily resulting from this public accusation, were more than nominal or trifling, and it was for them to decide whether, under the rules of law relating to this class of actions, the evidence afforded the defendant any legal excuse for prosecuting the plaintiff for uttering a counterfeit coin, when the fact was that the coin was genuine.

*Motion and exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.