## No. 8991.

### BRIDGET BORNHOLDT vs. J. B. SOUILLARD.

In an action for a malicious prosecution, the discharge of plaintiff by the committing magistrate, is *prima facie* evidence of the want of probable cause, sufficient to throw upon the defendant the burden of proving the contrary.

A charge made on information received, which is not supported by any evidence, is not based on a probable cause.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*W. S. Benedict*, for Plaintiff and Appellee.

*G. Duplantier* and *E. Meunier*, for Defendant and Appellant.

The opinion of the court was delivered by

POCHÉ, J. This is an action for damages in the sum of $5000 for malicious prosecution.

The defense is want of malice and probable cause.

The case was tried by a jury, who found a verdict of four hundred dollars in favor of plaintiff. Defendant appeals. The facts are these:

Bornholdt vs. Souillard.

Defendant's grandmother died in this city in January, 1883, and immediately after her death, a great many things, such as clothing, bedclothes, jewelry, a clock, and a watch and chain, etc., were removed from her person and from her house by some person or persons with the intention of appropriating them. When the defendant came to the house, in the morning after his grandmother's death, he was informed by a servant in the house, who was also a niece of the deceased, and by two other persons, that the above mentioned effects had been taken by the plaintiff, Mrs. Bornholdt and her two daughters and brought to their house, situated immediately across the street from that of the deceased. As soon as the funeral was over, and without further inquiry, Souillard preferred a charge of larceny against Mrs. Bornholdt and daughters, who were arrested, and brought to the police station, where they were incarcerated for a short time, until they furnished a bond for their appearance. On examination by the recorder, they were pronounced innocent and were at once discharged. Hence this suit was instituted.

The discharge of the accused by the committing magistrate is *prima facie* evidence of the want of probable cause sufficient to throw upon the defendant in a suit for damages the burden of proving the contrary. Greenleaf, vol. 2, par. 455; Plasscon vs. Lottery Company, 34 A. 246.

We have examined the record very attentively and we conclude that defendant has utterly failed to show a probable cause for the prosecution which he instituted against plaintiff and her daughters.

The evidence shows that they are laborious and honest women, and good and serviceable neighbors. It further appears that defendant's grandmother and Mrs. Bornholdt had been near neighbors for upwards of twenty years, during which time they had been good friends, and had cultivated the closest social relations, and that the defendant himself had been a frequent visitor at her house. The record shows that during the grandmother's last illness, Mrs. Bornholdt and her daughters had taken constant and great care of the infirm old lady, and that they were among the first at the house at the moment of death, in order to give such assistance as would be needed at that solemn moment.

Under such circumstances it appears to us most extraordinary that on hearing that Mrs. Bornholdt and her daughters had removed certain things from his grandmother's house, the defendant did not call on them for some explanation in the premises, and he should at once cause their arrest under such a grievious charge.

Had he followed such a course and sought for direct information, he would have discovered precisely what the evidence on the trial of this

cause fully disclosed, that Mrs. Bornholdt and her daughters had been unmercifully slandered by his informants, and that the better part of the things taken from his grandmother's house, had been removed by one of his informants, his cousin, who was living with the old lady in the capacity of helpmate and servant; and that the rings taken from his grandmother's fingers, had been claimed by and returned to a person from whom they had been borrowed.

The record discloses on the part of defendant, a most wanton disregard of the rights, feelings and reputation of his grandmother's lifelong neighbor and friend, and a reprehensible abuse of the power of the law which he invoked for persecution and not for the vindication of his rights.

The verdict against him was eminently proper, and it shall, therefore, remain undisturbed. It would have been increased under a timely motion.

Judgment affirmed.