CHARLES P. COOK *vs.* HOSEA T. MERRIFIELD & another.

Suffolk. Jan. 22. — March 25, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

A bond was given to an officer with condition to indemnify him from all suits, damages, and costs whereto he might be liable or obliged by law to pay by reason of levying a certain execution. The owners of the property levied on recovered judgments against the officer, whereon executions were issued. *Held,* that, in an action on the bond, the obligor was liable for the amount of the penalty, although the executions had not been paid by the obligee.

CONTRACT on a bond in the sum of $300, executed by the first-named defendant as principal, and by the other as surety,

the condition of which was, that whereas the plaintiff, as a constable, by virtue of a certain execution, writ, or process, issued in favor of the first-named defendant against Jerry T. Morrill, had levied on certain personal property shown to the plaintiff by said defendant, as the property of said Morrill, said defendant, his heirs, executors, or administrators, should " well and truly indemnify and save harmless the said Charles P. Cook, his heirs, executors, and administrators, of and from all suits, damages, and costs whatsoever, whereunto he or they, or any of them, may be liable or obliged by law to pay to any person or persons by reason of the said levy, or of any further intermeddling of said Charles P. Cook by virtue of said process."

Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows :

The plaintiff, being then a constable of the city of Boston, did the acts stated in the bond declared on, and, to indemnify him in the event of his not being legally justified in these acts, received said bond executed by the defendants. In consequence of these acts of the plaintiff, actions of tort were brought against him, and judgments were obtained, and executions issued thereon against the plaintiff, which judgments and executions have never been in any part paid or satisfied by the plaintiff, or by any person on his behalf or in his interest. The plaintiff, before this action, notified the defendants of said actions, judgments, and executions, and demanded of the defendants provision for payment and satisfaction of the same, which the defendants refused and neglected to make.

The judge refused to rule, as requested by the defendants, that, upon these facts, there was no breach of the condition of the bond, as it was given to indemnify against final actual loss ; and that, if there was a breach of the bond, the damages were merely nominal; but ruled that there was a breach of the bond, for which substantial damages, amounting to the sum of the said several judgments against the plaintiff, could be recovered, and found and ordered judgment for the plaintiff in the sum of $300, the penal sum of the bond. The defendants alleged exceptions.

*D. F. Crane*, for the defendants.

*S. W. Clifford*, for the plaintiff.

HOLMES, J. The language of the bond in suit was before this court in *White* v. *French*, 15 Gray, 339, and it was so strongly intimated that the condition was broken when a judgment was recovered, that, in view of the nicety of the distinctions which have been taken in the cases, and the desirableness of certainty in the construction of forms in common use, we shall follow what is there laid down, without considering the matter anew. The amount for which execution should issue is not open at this stage of the case.      *Exceptions overruled.*