Argued December 21, 1897; decided February 7, 1898.

### EASTMAN v. MONASTES.

[51 Pac. 1095.]

MALICIOUS PROSECUTION — EVIDENCE OF WANT OF PROBABLE CAUSE.— The acquittal of a defendant on a trial of a criminal charge is not *prima facie* evidence of a want of probable cause for the prosecution.

From Multnomah: E. D. SHATTUCK, Judge.

This is an action by G. L. Eastman against David Monastes to recover damages for an alleged malicious prosecution. The complaint alleges, in substance, that on February 24, 1892, the defendant maliciously and without probable cause instituted a criminal prosecution against the plaintiff, by filing in the Justice's Court for South Portland Precinct a verified complaint, in writing, charging him with the crime of defacing a building not his own, upon which charge he was arrested, tried, and acquitted. The answer, after denying the allegations of malice and want of probable cause, avers that for some time prior to February 24, 1892, the plaintiff had been a tenant of the defendant, occupying certain rooms in his building as a photograph gallery, but had been notified in writing to vacate and surrender possession thereof; that, on the day named, he commenced to vacate said rooms, but, preparatory thereto, undertook to, and did, wilfully deface, remove, and destroy certain parts of the building, against the wish and protest of the defendant; that, acting solely upon the advice of his attorney and the deputy district attorney, the defendant, with-

out malice, instituted the criminal prosecution in question, in good faith and upon probable cause. The reply denies the material allegations of the answer, and affirmatively alleges, in effect, that for about three years prior to February 24, 1892, the plaintiff occupied as tenant a portion of defendant's building in the City of Portland as a photograph gallery, and, under the terms of his lease, had a right to erect and maintain, at his own cost and expense, a photographic printing house on or about the building or premises, and to remove the same at pleasure; that in pursuance of this agreement, he did erect a temporary structure for the purposes indicated, and was engaged in removing the same in a careful and prudent manner, without injury to the defendant's building, at the time of his arrest; and that such removal is the act referred to in the answer and in the complaint filed by the defendant before the justice of the peace. The verdict and judgment being in favor of plaintiff, defendant appeals, assigning error in the admission of testimony, and in overruling his motion for a nonsuit.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Cicero M. Idleman.*

For respondent there was a brief and an oral argument by *Mr. William L. Nutting.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion.

From the view we have taken of the ruling on the motion for a nonsuit, it is unnecessary to consider the other questions in the case, and we shall therefore assume, for the purposes of this opinion, that all the evidence admitted was competent. The motion for a nonsuit is based upon the theory that the plaintiff failed to prove that the prosecution was malicious or without probable cause. Upon this point, the bill of exceptions, which contains the affirmative statement that "there was no evidence whatever offered by the plaintiff, of any nature or description other than" as therein stated, "concerning malice or want of probable cause," recites that plaintiff, being called as a witness in his own behalf, "testified concerning the arrest as set out in the complaint, and also went into the detail of the matters transacted in the justice's court upon which he claimed to have been arrested upon a warrant issued upon a complaint sworn to by the defendant, and also of his discharge"; also, "concerning the construction of a certain printing house which he claimed had been erected by himself upon the second story, and over and on top of a water closet of defendant's building, and that he was occupying certain rooms in defendant's building as a photograph gallery, and using the said printing house to print photographs in." Evidence bearing upon the question of damages is then set out, after which it is stated that the plaintiff gave in evidence a copy of the docket entries of the justice's court concerning the arrest, trial, and acquittal of the plaintiff, a copy of which is set out in the bill of

exceptions, and also a part of the deposition of one Prescott, to the effect that the printing house referred to was built by the plaintiff at his own cost and expense, over and on top of a small brick building adjacent to the main building, and that the defendant notified him in 1889 that it must either be painted or removed, and that defendant was about the photograph. gallery frequently, and witness never heard him make any claim to the printing house. This is all the evidence contained in the. bill of exceptions bearing upon the question of malice or probable cause. It thus manifestly appears that there was no evidence of the want of probable cause given on the trial, unless the judgment of acquittal is *prima facie* evidence thereof, and sufficient to put the defendant on his proof. The charge made against the plaintiff in the justice's court was that of wilfully defacing a building not his own, and as to whether defendant had reasonable grounds for making such a charge the bill of exceptions is entirely silent. It only goes to the effect that plaintiff, at the time of his arrest was engaged in removing a photographic printing house, built by him on top of a small brick building belonging to the defendant, and which, under the terms of his lease, he had a right to remove; but there was no evidence offered or given that he was doing so in a careful and prudent manner, or that he was not wantonly and wilfully defacing and injuring the defendant's building. The want of probable cause is the very gist of the action for malicious prosecution, and it is elemen-

tary law that it must be affirmatively proved by
the plaintiff. The truth of other material allega-
tions may be inferred from such proof, but the
want of probable cause cannot be inferred from
anything else. It must be substantially and ex-
pressly proved, and cannot be implied. The onus
is always on the plaintiff to prove affirmatively, by
circumstances or otherwise, that the defendant had
no ground for the prosecution: Newell on Malicious
Prosecution, 282. And there is no such proof in
this case, unless the judgment of acquittal is suffi-
cient for that purpose. We are therefore brought
to a consideration of the effect to be given to such
a judgment.

There is much diversity of opinion in the books
as to whether the discharge of an accused by a
committing magistrate, or the refusal of a grand
jury to indict, is *prima facie* evidence of the want of
probable cause for the prosecution, many cases hold-
ing that it is (2 Greenleaf on Evidence, § 455; 3
Lawson's Rights, Remedies, and Practice, 1094;
*Secor* v. *Babcock*, 2 Johns. 203; *Bostick* v. *Rutherford*,
11 N. C. 83; *Straus* v. *Young*, 36 Md. 246; *Smith* v.
*Ege*, 52 Pa. St. 419; *Vinal* v. *Core*, 18 W. Va. 1;
*Bornholdt* v. *Souillard*, 36 La. Ann. 103; *Frost* v.
*Holland*, 75 Me. 108); while the doctrine is stoutly
denied by other authorities of equal weight and re-
spectability: *Israel* v. *Brooks*, 23 Ill. 575; *Thompson*
v. *Beacon Rubber Company*, 56 Conn. 493 (16 Atl.
554); *Heldt* v. *Webster*, 60 Tex. 207; *Apgar* v. *Wool-
ston*, 43 N. J. Law, 57. But it is unnecessary for us
to pursue this inquiry further, for it is obvious that

there is a marked distinction between the acquittal of a defendant after trial upon the merits and his discharge by the examining magistrate or the refusal of a grand jury to indict. In case of a trial, the defendant is entitled to an acquittal and discharge if, upon the whole evidence, both of the prosecution and defense, there remains a reasonable doubt of his guilt, although it may appear that there was not only probable cause for the prosecution, but a strong probability of his guilt. But it is the duty of a magistrate to hold the accused to answer, and of a grand jury to indict, if there is sufficient cause to believe him probably guilty of the crime charged. They have the very question of probable cause to try, and, if the accused is discharged, it is because, in the opinion of the magistrate or grand jury, as the case may be, there is no reasonable ground for believing him guilty. For this reason, many courts have held that the refusal of an examining magistrate to hold the accused for trial is *prima facie* evidence that the charge was preferred without probable cause. But it is manifest that no such effect ought to be given to the acquittal of a defendant after a full investigation of the case and an examination of all testimony on both sides. It would tend very much to discourage honest efforts to enforce the criminal laws if every person who instituted a prosecution in which the defendant was subsequently acquitted should for that reason be presumed to have acted without probable cause, and liable in damages for malicious prosecution. The result of a trial often

depends upon many contingencies which could not
have been anticipated, and a prosecution may turn
out to be entirely groundless, although the facts and
circumstances known to or ascertainable by the prose-
cutor at the time it was instituted seemed to point
unerringly to the defendant's guilt.    Accordingly, the
great weight of authority and reason is that the ac-
quittal of a defendant upon the trial of a criminal
charge is not *prima facie* evidence of the want of
probable cause for the prosecution.    Indeed, the doc-
trine is said by DEPUE, J., in *Apgar* v. *Woolston*, 43
N. J. Law, 60, to be "universally conceded, though
it results from the entire failure of the case on the
part of the prosecution":    *Purcell* v. *Macnamara*, 9
East, 361; *Grant* v. *Deuel*, 3 Rob. (La.) 17; 14 Am. &
Eng. Enc. Law (1st Ed.), 65; *Scott* v. *Simpson*, 1
Sandford, 601; *Bitting* v. *Ten Eyck*, 82 Ind. 421 (42
Am. Rep. 505); *Stone* v. *Crocker*, 24 Pick. 81; *Stewart*
v. *Sonneborn*, 98 U. S. 187; *Brant* v. *Higgins*, 10 Mo.
728; *Ganea* v. *Railroad Company*, 51 Cal. 141.    The
court below was therefore in error in denying the
nonsuit, for which reason the judgment must be re-
versed.

REVERSED.