## DOLAN v. VAIL.

No. 13629—Opinion Filed April 8, 1924.

1. **Malicious Prosecution—Inadmissible Evidence—Finding of Justice of the Peace That Prosecution Was Malicious.**

    In the trial of a malicious prosecution case a finding made by the justice of the peace in the trial of the criminal charge that the prosecution is malicious and without probable cause is not admissible in evidence for any purpose; and when it is introduced in evidence for plaintiff, over the objection of the defendant, it will work a reversal of the judgment for plaintiff.

2. **Same—Instruction on Force of Findings.**

    In the trial of a malicious prosecution case, where the findings and judgment of a justice of the peace discharging the defendant in the criminal case are introduced in evidence by the plaintiff, it is error for the trial court to refuse an instruction to the jury that the finding and judgment of justice of the peace shall not be considered by them as in any way establishing that the prosecution was malicious.

3. **Same—Judgment Reversed.**

    Record examined, and held, that the judgment for plaintiff should be reversed, with directions to grant the defendant new trial.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Gene Vail, by his next friend, O. P. Vail, against George Dolan, for damages for malicious prosecution. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

C. H. Carswell and Bond, Melton & Melton, for plaintiff in error.

A. J. Morris, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, George Dolan, will be referred to herein as defendant, and the defendant in error, Gene Vail, will be referred to as plaintiff.

This was an action by Gene Vail, by his next friend, O. P. Vail against George Dolan, for damages for malicious prosecution. The cause was tried to a jury on the 13th of February, 1922, upon the second amended petition of plaintiff, the answer of defendant, and the reply of plaintiff thereto. The jury returned a verdict for plaintiff in the sum of $1,500, upon which judgment was entered by the court. From the order of the court overruling his motion for a new trial, the defendant appeals to this court.

Defendant first complains that the court erred in admitting incompetent evidence offered by the plaintiff, over the objection of the defendant. It appears that on the trial of the cause plaintiff offered in evidence the judgment of the justice of the peace before whom a preliminary hearing upon the charges out of which this action originated was had. Among other things, said judgment contained the following statement:

"And it further appearing to the satisfaction of the court from the evidence introduced that this prosecution was malicious and without probable cause, it is therefore further ordered, adjudged and decreed that the costs of this action be and the same are hereby taxed against Geo. Dolan, the prosecuting witness, for which let execution be awarded."

To the admission of this particular paragraph of said judgment, defendant specifically objected, which objection was overruled. It is contended that the overruling of this objection constituted prejudicial error.

When the judgment referred to was offered in evidence, the record shows the following conversation to have taken place:

"Mr. Melton: For what purpose is it offered?

"Mr. Morris: For the purpose of showing the result of the cause, showing that there was no probable cause."

In 18 R. C. L. 41, it is said:

"In some states, a provision is made under the statutes for judgment in a criminal case against the prosecutor for costs and for a finding that the prosecution was malicious and without probable cause. This finding is not competent evidence in an action for malicious prosecution to establish want of probable cause, under the rule res inter alios acta."

In Casey v. Sevatson, 16 N. W. 407, the Minnesota court laid down the rule as follows:

"The entry in the docket of a justice before whom a criminal action was conducted and carried on, certifying * * * that the complaint was malicious and without probable cause, is not admissible in evidence in a suit for the malicious prosecution of such action."

In Farwell v. Laird (Kan.) 49 Pac. 518, it is said:

"The findings of a justice of the peace, made upon the preliminary trial of a person charged with crime, that the complaint of the prosecuting witness against the accused was malicious and without probable cause, can not, in a suit for malicious prosecution, brought by the accused against the prosecuting witness, be received in evidence in support of the claim of lack of probable cause."

Under the above authorities, we conclude that the court erred in admitting the part of the judgment objected to, in evidence.

It appears that the defendant requested the court to instruct the jury that the judgment of the justice of the peace determining that the complaint was filed against the plaintiff and his father maliciously and without probable cause should not be considered in determining either want of probable cause or malice. The refusal of this requested instruction was error. The judgment of the justice of the peace, showing the defendant discharged, was admissible for the purpose of showing that the criminal proceeding had been terminated, and as tending to show want of probable cause. This court has adopted the rule that the discharge by an examining magistrate is prima facie evidence that there is a want of probable cause for the prosecution. Lindsey v. Couch, 22 Okla. 4, 98 Pac. 973. The court instructed the jury that such was the law, in the instant case. But, the only part of the judgment necessary to be offered in evidence to make a prima facie case of want of probable cause as contemplated by the former holding of this court, is that part showing the defendant discharged. The finding of the justice that the prosecution was malicious was merely for the purpose of assessing the costs against the prosecuting witness, as provided by statute, and could not possibly have any bearing upon the question of want of probable cause in a civil action instituted by the aggrieved party against the prosecuting witness; since the mere fact of the discharge by the examining magistrate has the effect of establishing a prima facie case of want of probable cause. The part of the judgment complained of amounted to nothing more than the opinion of the justice, and since its admission in evidence could have no bearing upon the question of want of probable cause, and according to the statement of counsel for plaintiff that was the only purpose for which it was offered, we think the action of the court in submitting it to the jury without explanation, containing as it did, the statement that the prosecution was malicious, was highly prejudicial to the rights of the defendant. As stated above, the bare fact that defendant had been discharged by the examining magistrate was all that was required to make out a prima facie case of want of probable cause; and to submit to the consideration of the jury the finding of the examining magistrate that the prosecution was malicious could not but result in prejudice to the defendant; and the admission of the objectionable evidence, together with the refusal of the court to give the requested instruction with reference thereto, as we view the case, constituted prejudicial error such as will necessarily work a reversal of the judgment.

We therefore recommend that for the errors above referred to, this cause be reversed and remanded, with directions to the district court of Caddo county to grant the defendant a new trial.

By the Court: It is so ordered.